# CHARLESTON.

SPEIDEL CO. v. WARDER.

Submitted November 30, 1904. Decided December 20, 1904.

1. JUSTICE'S JURISDICTION.—*Domestic Corporation, where sued.*

   A justice has jurisdiction of an action for money against a domestic corporation either in the county of its principal office, or in the county where the cause of action arose, if service of process can be made in that county on a director or other officer or agent of the corporation, whether the person served resides therein or not, and the return of service need not show that he resides therein. (pp. 603, 604).

2. EXECUTION FROM CIRCUIT COURT ON JUSTICES' JUDGMENT.—*Constitution.*

   Section 118, chapter 50, Code, allowing a transcript of a judgment of a justice to be filed in the office of a circuit court, and execution to be issued thereon, does not violate the provision of the Constitution requiring the amount for jurisdiction of the circuit court to exceed fifty dollars. (p. 609).

3. STATUTE CONSTRUED, HOW.

   Inconsistent clauses in the same section of a statute. Which prevails? (p. 608).

Petition by the Joseph Speidel Grocery Company for writ of prohibition to Hugh Warder and others.

*Writ denied.*

A. W. BURDETTE, for petitioner.

IRA E. ROBINSON, for respondents.

BRANNON, JUDGE:

Hugh Warder sued The Joseph Speidel Grocery Company, a West Virginia corporation, before J. O. Jaco, a justice of Tay-

lor county, on a money demand, and on 2d April, 1904, the
justice rendered a judgment by default against said Grocery
Company for $32.20 and $2.25 costs. Warder filed a transcript
of his judgment in the clerk's office of the circuit court, and
caused an execution to issue to the sheriff of Ohio county, where
is the principal office of said corporation, and the said Grocery
Company moved the circuit court to quash the execution, but
the motion was overruled. The summons in said action was
served on an agent of said corporation in said county of Taylor,
the return showing that the president, cashier, treasurer or
other chief officers were absent and not found in Taylor county,
and that the agent resided therein. The said corporation now
applies to this Court for a writ of prohibition against said
justice, said Warder and the circuit court of Taylor county to
prohibit them from further enforcing said judgment. The
theory on which the prohibition is asked is, that there was no
jurisdiction of said action in Taylor county, because the said
corporation kept its principal office in the county of Ohio, where
alone it can be sued.

As to suits before justices chapter 50 of the Code is the sole
fountain and guide to the exercise of the jurisdiction of their
courts. They are courts of limited jurisdiction. They have no
jurisdiction save that given by chapter 50. In section 16 we
find the answer to the above question as to justice's courts. "The
civil jurisdiction of a justice shall not extend to any action,
unless the cause of action arose in his county, or the defendant,
or one of the defendants, reside therein, or being a non-resi-
dent of the State, is found, or has property or effects, within the
county." That section prohibits a civil suit in any county not
in it designated. It is that section which designates the county
for a civil action before justices. This section covers suits
against a domestic corporation, because it has a residence in
that county in which it keeps its principal office. It can there-
fore be sued in the county where it has that office, in transitory
actions. "There is, therefore, no difficulty in holding that, for
the purposes of jurisdiction, procedure, litigation affecting a
corporation, and the taxation of its personal property, it may be
taken to reside where its chief office is." Its residence is where
it exercises corporate functions. 1 Thomp., Corp. section 689.
I repeat that section 16 points out the place of suit; section 34
does not give *place* of suit, but is designed only to provide for

service of process. The heading in the Code above section 32, "Service of process and notices," shows that the design is only to provide for service of process, not to give place of jurisdiction. Under section 16 suit may be in either the county of the principal office or of the cause of action.

I cannot see how we can disregard the provision in section 16 that a justice of the county of the cause of action shall have jurisdiction. A corporation is surely included within that section. A natural person is, and so is a corporation. That section would give the Taylor county justice jurisdiction, because the cause of action arose therein. Having thus jurisdiction in Taylor county, the next requisite is service of process. That is a different thing from the place of jurisdiction. It is true that a justice's summons cannot go out of his county for service, but the place of service cannot be said to give jurisdiction, though it must be in the same county. Section 34 of the Code as amended and re-enacted in chapter 9, Acts 1903, tells us as to service of process from a justice's court against corporations. It reads as follows: "Unless otherwise specially provided such process or order, and any notice against a corporation, may be served upon the president, cashier, treasurer or chief officer thereof, or if there be no such officer, or if he be absent, on any officer, director, trustee or agent of the corporation, at its principal office or place of business, or in any county in which a director or other officer, or any agent, of said corporation may reside, or any officer or agent of said corporation in the county in which the property, land or other thing in controversy may be, or in any county where the cause of action arises. But service at any time may be made upon any corporation in the manner prescribed for similar proceedings in the circuit court." It is broad enough to cover a suit either in the county wherein is the principal office, or the county in which the cause of action arose, because it declares that the process may be served in any county where the cause of action arose by serving it on certain persons, including an agent of the corporation, as in this case. When that section provides for service not only in the county of the principal office on certain officers, or in default of them on certain persons at its principal office, and then adds, in order to widen the scope of service, that it may be served on a director or other officer or agent in "any county where the cause of action arises," it is difficult to

see how there can be any doubt of the right to sue in the county where the cause of action arose, as well as in the county of the principal office. We cannot think that the law makers would authorize a suit in both counties, as they did in section 16, and then, when making a statute for service of process to effectuate the jurisdiction given by that section 16, would fail to make it co-extensive with the demands of section 16. We must look at both, and make section 34 of the same scope of section 16, as its words allow us to do so, in order to carry out the jurisdiction given by section 16. It is suggested that it is only when the president, cashier, treasurer, chief officer or any other officer, director, trustee or agent cannot be found in the county of the principal office, that suit can be brought in the county of the cause of action; but that would put a limitation upon juris- diction contrary to section 16, which gives the plaintiff choice to sue either where the cause of action arose or the defendant resides. We cannot suppose that the legislature designed, after giving the choice in either county, to condition that choice upon not finding certain officers in the county of the principal office.

Said section 34 is a remedial statute, designed to facilitate and further the remedy, not to narrow the jurisdiction given by the general grant in section 16. Suppose we give to section 34 the construction asked of us, and say that suit must be brought in Ohio county, if any of the officers named can be found. This would practically deny all jurisdiction in the county where the cause of action arises; never could suit be brought there. That would compel one in Jefferson county having a contract with a corporation, and a cause of action growing out of it, to go to the other end of the State for relief. The corporation has sent its agent to Jefferson county, and made its contract there, and the legislature thought that as the corporation chose to make the contract there, it was nothing but right that it should be sueable there. The corporation is not permitted to be sued in any county, but only in two coun- ties. To sue it in the county of its act is not harsh. Section 2, chapter 123, Code, allows a corporation to be sued in the circuit court of a county in which the cause of action arises, if you can get service on it; so in a justice's court. The law in both cases points where and on whom service is to be. Why not allow it in one case as well as another? A corporation can be sued in

the county where the cause of action arose, if you can get service there. The case of *Harrow* v. *Ohio River Co.*, 38 W. Va. 711, supports this view in holding that section 34 authorizes service on an agent in the county where the suit is brought. All that this case requires us to decide on the record as it is, as to the place for suit, all that we do decide, is that there was jurisdiction before a justice of Taylor county under section 16, because the cause of action arose in that county, and that section 34 gives the means of service of the summons in that county. I will add, as it may not be without some benefit in future, some thoughts or questions which have occurred to my mind touching section 34. Up to 1903, as the legislature of that year thought, section 34 was defective, or not sufficiently broad. I am inclined to think, at present, that the first part of section 34, down to the words "or in any county in which" was designed to direct the service of process only in actions in the county of the principal office, and the balance in the county of the cause of action. The fact that a trustee is made a person for service under one clause, and left out in the other tends to confirm this view. In other words, you might sue in the county of the principal office and make service in that county on the president, cashier, treasurer or other chief officer, or if there were none such, or he be absent from the county, service might be made on a director, trustee or agent at the principal office or place of business. Or the action might be brought in the county of the cause of action, provided a director or other officer or agent reside in that county so that service could be made upon him; but he must reside in that county. No matter that the cause of action arose in that county. That would give jurisdiction, but you must also get a director, officer or agent residing in that county for service of the summons. This was in the opinion of the legislature too narrow a limitation on the right to sue in the county of the cause of action. It thought that as the right was given by section 16 to sue where the cause of action arose, process was too much hampered by making it a condition of suit there that a director or other officer or agent must have his permanent residence there, and that the right of suit in that county ought to exist, though the director, officer or agent was not a resident there, and in 1903 there were added to section 34 after the words "may reside," the words "or any officer or agent of said corporation in which the property, land or other thing in con-

troversy, may be, or in any county where the cause of action arises." My inclination is to think that before the act of 1903 an action could be in the county of its cause, if an officer residing in it could be found for service of process. Take detinue for a horse. I cannot think that it would be confined to the county of the principal office before the act of 1903. Suppose the horse was not in that county, but in another. The detention would give action in that other county, if you could get service in it on a person specified in section 34 residing in that county. So in case of a money demand. I cannot think the amendment of 1903 has really added anything to the jurisdiction, or given it in a county where there was none before; but it has authorized, in the county of the cause of action, service of process on "any officer or agent," though not residing in that county; it has dispensed with his residence there. I think that before the act of 1903 you could serve on an agent a summons in an action in the county where the cause of action arose, if he reside there; but under the act of 1903 he can be served in that county, though not residing in it. Anyhow, this act of 1903 gives the clear right to serve process in the county where the controversy of property is, or cause of action arose. The act makes that clear.

It is suggested that the act of 1903 has left section 34 just as it was before. I cannot think the act is without an effect. I am sure it has dispensed with residence in the county. I see no other change. Here we come across a question. It will be asked how this can be when the words, "or in any county in which a director or other officer may reside," are re-enacted in section 34. Are those words to be ignored? They are. Before the act of 1903 they were to be regarded and followed. They demand that the person served reside in the county. If we still regard those old words in the section, what becomes of those words coming last in the section, those latest enacted, that is, the words "or any officer or agent in the county in which the property, land or other thing in controversy may be, or any county where the controversy arises." Before 1903 the words demanded that the person served reside in the county, and in 1903 the legislature amended by authorizing service on the same persons, so only that they be served in the county, leaving out all demand that they reside in it. There is irreconcilable conflict. We must look for the intent. Are we not justified in saying

that the legislature intended to. allow service in the county where the cause of action arose without requiring the person served to reside in that county? Was not that the intent? As· the law allowed suit in that county, was it not the intent to make 1t effectual by making service on an agent there good, wherever· he might reside? Would there not be as good reason 'to expect that the agent would let the corporation know of the suit ,though he did not reside in the county, as if he did? I have said that these two clauses are inconsistent. . Which shall prevail? The· law answers: "Where there is an irreconcilable conflict between different parts .of the same act, the last in order of position must control." 26 Am. & Eng. Ency. L. (2d Ed.) 619.   "So· it has always been the rule that when different provisions of a statute, all passed at the same time, could not be reconciled, the one that came last in point of position must prevail.   And this was upon the theory that effect should always be given to· the latest rather than to earlier expression of the legislative will, presumption being that the latter part of the statute was last considered." *People* v. *Dobbins,* 73 Cal. 257.   See Bacon's Abridgement, 227; *In re Richards,* C. C. A., 96 Fed. 935.   The· words "may reside" were in section 34 before 1903.   The words allowing service on "any officer or agent of said·corporation in . any county," were added in 1903, without any provision as to residence.   So, not only for the reason that those words are last in the statute, but also because they were last enacted, are they to be controlling.   The section is badly drawn.   The draftsman of the act of 1903 may have erroneously thought that the office· of that section was to fix the *place* of action, and that the section gave suit, not only in the county of the office, but in any county whatever in which a director, officer or agent might reside, and intended to let that remain so, and to add for a place of action any county wherein any such person could be served.   The consideration as to residence of the party served is not material as· to the county in which suit may be brought, that being fixed by section 16.   It is only material in ascertaining whether the· person served must reside in the county of service, and in ascertaining whether under section 38 the return must show, if the· action be elsewhere than in the county of the principal office, that the person served reside therein.   I think the act of 1903 has repealed this.   I will not say whether it has repealed the·

necessity of showing in the return the residence where the action is in the county of the office.

Another reason suggested for the writ of prohibition is, that the Constitution limits the jurisdiction of the circuit court to cases wherein the amount in controversy is over fifty dollars, and that section 118, chapter 50, Code, allowing a transcript of a justice's judgment to be lodged in the clerk's office of the circuit court, and execution to be issued from that office, is unconstitutional. The circuit court tries nothing. The case has ended in a final judgment before the justice. The only matter left is execution of the judgment, which is ministerial, not the exercise of judicial function. The Constitution refers to judicial action. The petition raises the question of Chadduck's agency by denying it, whilst the answer asserts it, and Speidel's affidavit denies it. The return of service states that Chadduck was an agent. The return cannot be attacked in a collateral proceeding, if at all, for this cause. *McCoy* v. *McWhorter,* 47 W. Va. 150. Who is an agent for service? What must be the character of agency? These questions do not arise. As the return states that Chadduck was agent the question really does not arise.

Prohibition refused.

*Writ Denied.*

POFFENBARGER, PRESIDENT, *(concurring)* :

Nothing in this case calls upon us to say the amendment to section 34 of chapter 50 of the Code dispenses with the necessity of the agent's residence in the county in which service is to be had, for it is undisputed that the person served in this instance does reside in the county of Taylor. I do not think we ought to go beyond the case made. Hence I do not concur in so much of the opinion and syllabus as announces the proposition that section 38 of chapter 50 of the Code is repealed by the amendment to section 34 of that chapter. My own views on that question are withheld because I do not think it is before this Court now for decision or discussion.