# CHARLESTON

STOUT *v.* BALTIMORE & OHIO RAILROAD COMPANY.

Submitted June 10, 1908.    Decided December 15, 1908.

1. JUSTICE OF THE PEACE—*Judgment—Variance.*
    A judgment of a justice against "B. & O. R. R. Company," as described in the summons, instead of Baltimore & Ohio Railroad Company, the corporation intended, is not such a material variance as to deprive the justice of jurisdiction of the person of the corporation intended to be sued, or vitiate the judgment against it. (p. 503.)

2. SAME—*Execution—Variance from Judgment.*
    Describing the defendant as "B. & O. *Rail Road* Company" in an execution issued by the justice on such judgment is not such a material variance between the judgment and the execution as to render the execution void, such process being amendable on motion before the justice so as to make it conform to the judgment. (p. 503.)

3. RAILROADS—*Process—Return—Sufficiency—Railroad Corporation.*
    For the purpose of serving process in suits against it in this State, a railroad corporation doing business here, though chartered by another state or territory, will be treated as a domestic corporation, and the return of the officer need not show that the place of service was the place of residence of the person served. (p. 506.)

Error to Circuit Court, Harrison County.

Action in a justice's court by Daniel Stout against the Baltimore & Ohio Railroad Company. From a judgment of the circuit court, reversing the judgment of the justice overruling a motion to quash an execution, plaintiff brings error.

*Reversed.*

W. Scott, for plaintiff in error.

John Bassel and Davis & Davis, for defendant in error.

Miller, Judge:

The plaintiff complains of a judgment of the circuit court, pronounced January 31, 1907, upon appeal, reversing the judgment of a justice in his favor, upon motion of the defendant to quash an execution, and adjudging that said execution be quashed. The summons of the justice, issued October 19, 1906, summoned the "B. & O. R. R. Company" to answer the complaint of the plaintiff in a civil action and demanded judgment for $101.50. The return of the officer on the summons was: "Served the within writ this 19th day of October, 1906, by delivering a copy thereof to Emory Brand, Agt for the B. & O. R. R. Company at Bryan Station, Harrison County, W. Va." The judgment rendered by the justice October 27, 1907, was that the "plaintiff Daniel Stout recover from the B. & O. R. R. Co. defendant the sum of $101.50," with interest and costs; but the execution thereon issued November 19, 1906, not conforming strictly to the judgment, ran against the "B. & O. *Rail Road* Company.' On the return day of the summons, the defendant appearing specially and solely for that purpose, moved the justice to quash said summons and return for reasons apparent on the face thereof; which motion being overruled, and the defendant not further appearing, the plaintiff proving his case, judgment in the form aforesaid was pronounced. Although attention was called thereto by the special appearance of the defendant, no attempt was made to correct the defects in the summons and the return thereon. This might have been done by simple motion. *Hopkins* v. *Railroad Co.*, 42 W. Va. 535.

After the execution issued the defendant gave the plaintiff notice of a motion to be made before the justice December 3, 1906, to quash the same, on the grounds: first, that the summons upon which judgment was rendered is defective and void, the defendant being designated therein by the initials of its name and not by its name; and second, that the return of said summons is fatally defective and void.

With respect to the first ground, the general rule is that the writ and declaration should set forth accurately the names of both parties. Stephen on Pl.; *Hart* v. *B. & O. R.*

*Co.*, 6 W. Va. 346; *Krell Piano Co.* v. *Kent*, 39 W. Va. 296-297. It is conceded however, that misnomer of plaintiff or defendant may be corrected by mere motion of either party, either in the justice's court or upon appeal in the circuit court. *Hoffman* v. *Dickinson*, 31 W. Va. 145; *Bank* v. *Distilling Co.*, 41 W. Va. 530; *Weimen* v. *Rector*, 43 W. Va. 735; section 2120, chapter 50, Code 1906. And by section 1979, chapter 50, Code 1906, it is provided that, ''in any case in which a defendant shall be proceeded against by any other than his true name, it shall be the duty of the justice, when his true name is ascertained, to amend the summons by inserting the same therein, and thereafter to proceed against him by his true name.'' But was the effect of the failure to rightly name the defendant in summons or judgment, or to correct the misnomer, to render the judgmeut void or voidable?

''It is a well established rule,'' says Mr. Black, ''that if process in action is served upon the person really intended to be sued, although a wrong name is given him in the writ and return, and he suffers a default, or, after appearing, omits to plead the misnomer in abatement, and judgment is taken against him, he is concluded thereby, and in all future litigation he may be connected with the suit or judgment by proper averments.'' And again he says: ''Process served on a man by a wrong name is as really served on him as if it had been served on him by his right name, and if in such case he fails to appear, or appearing, fails to object that he is sued by the wrong name and the judgment be rendered against him by such name, he is as much bound by the judgment as if it had been rendered against him by his right name.'' And in the same section he says: ''Exactly the same rule applies in the case of a corporation; though sued by the wrong name, it is bound, if duly served. * * * * But it is essential to the plaintiff's recovery that it should be proved, not only that the real person was sued, but that he was duly served with process though under a mistaken name.'' 1 Black on Judgments, section 213; Freeman on Judgments (2 Ed.) section 154. This doctrine is not in conflict with *Mason* v. *Bank*, 12 Leigh 84; *Bank* v. *Craig*, 6 Leigh 399, and *Stewart & Palmer* v. *Thornton*, 75 Va. 215; for in each of those cases the wrong persons were intended to be sued

and not the right persons by the wrong names. To say "that the defendant having been sued and served with process by a wrong name, the court acquired no jurisdiction of him, and could render no valid judgment against him, * * * * gives the name quite too much importance * * * * * A name is a means of identity. * * * * It is not the name that is sued, but the person to whom it is applied." 1 Black on Judgments, section 213, *supra.* In *Bank* v. *Huntington Distilling Co.,* *supra,* the word "Distillery" instead of the word "Distilling" was employed in the name of the defendant. The Court said "although a corporation be immaterial and intangible in its essential part, it is a mistake to suppose that the exact letters or syllables of the name, or the name as a whole, are the only means of identification." "If some words are added to or omitted in the true name of the corporation, this is not a fatal variance, if there be enough to distinguish the corporation from all others, and to show that the corporation suing or being sued was intended." In *Grafton Grocery Co.* v. *Home Brewing Company of Grafton,* 60 W. Va. 281, the words "of Grafton" were omitted; held to be an immaterial variance. And the weight of authority is that so far as execution thereon or subsequent litigation respecting a judgment thus obtained is concerned, it makes no difference whether the same was obtained after appearances without plea in abatement, or by default. *First National Bank* v. *Jaggers* (Md.) 100 Am. Dec. 54, and cases cited.

We are of opinion, therefore, from these authorities, that styling the defendant in the summons and judgment by the initial letters of its corporate name as in this case was sufficient to show the corporation intended to be sued, and the proper person being served with process not such a material variance as to deprive the Court of jurisdiction of the person of defendant, or vitiate the judgment.

Formerly the variance would have supported a plea in abatement, but since by section 1979, chapter 50, Code 1906, relating to proceedings before justices, and section 3834, chapter 125, Code 1906, applicable by analogy to such proceedings, no plea for misnomer can be received, but the same may be corrected on mere motion of the parties, or of his own motion by the justice. The variance in this case is

still subject to amendment by appropriate proceedings, for that purpose, if the court had acquired jurisdiction by proper process served on the person of the defendant. *Casper* v. *Kvippen*, 52 Am. St. R. 604-606, and cases cited.

One point made and not yet considered is that the execution running against B. & O. *Rail Road* Co., and not according to the name of the defendant in the judgment is such a variance as to render the execution void. In *Dewey* v. *Peeler*, 161 Mass. 135, (42 Amer. St. R. 399), it was held that an execution if seen to contain a mere clerical error, might be amended to conform to the judgment, if the record thereof is presented in the same court, or treated as amended if presented in some other court. And in this same case it is said, "There can be no doubt of the general power of a court to amend its record or its process, so as to make them conform to the truth."

It remains to determine whether the return of the officer is so defective and void as to give the justice no jurisdiction to render the judgment? There can be no doubt that prior to the amendment of 1903 of section 34, chapter 50 of the Code—now section 1985, Code 1906—and by virtue of the provisions of section 38 of the same chapter—now section 1989, Code 1906—the return of service of process on a domestic corporation which failed to show that the place of service was the place of residence of the person served, would have been absolutely void, and the justice without jurisdiction to render any judgment. We so held in *Railway Co.* v. *Ryan*, 31 W. Va. 364-366, and *Taylor* v. *Railroad Co.*, 35 W. Va. 328. See also *Adkins* v. *Globe Fire Ins. Co.*, 45 W. Va., 384, 388, and *Railway Co.* v. *Wright*, 50 W. Va. 653, 654. Said section 1989, provides that: "Service on any person under either of the last four sections shall be in the county in which he resides, and the return must show this, and state on whom and when the service was, otherwise the service shall not be valid." But by chapter 9, Acts 1903, the legislature introduced a very important amendment into said section 34. This is the section relating to service of process from Justice's courts against corporations. Before the amendment that section prescribed three classes of persons upon whom service might be in the

order named therein, (1) "upon the president, cashier, treasurer or chief officer thereof," or if no such officer, or he be absent, (2) "on any officer, director, trustee or agent * * * at its principal place of business"; or (3) on a like class of officers "in any county in which a director or other officer, or any agent of said corporation may reside." The amendment then follows in these words: "or any officer or agent of said corporation in the county in which the property, land or other thing in controversy may be, or in any county where the cause of action arises." The scope and effect of this amendment was under consideration, in *Speidel Co.* v. *Warder*, 56 W. Va. 602, and though it was probably not necessary to a decision of that case, it was laid down in the first point of the syllabus that, "A justice has jurisdiction of an action for money against a domestic corporation either in the county of its principal office, or in the county where the cause of action arose, if service of process can be made in that county on a director or other officer or agent of the corporation *whether the person so served resides therein or not, and the return of service need not show that he resides therein.*"

No direct reference is made in the opinion in that case to section 38, which in terms at least, as it was left in the Code, is applicable to section 34; but to give the effect to the amendment which the legislature evidently intended we can give it no other construction than the one announced in *Speidel Co.* v. *Warder, supra*. This construction may not necessarily work a repeal of section 38. It may perhaps still be applied with its full force to the other provisions of section 34; but this question is not presented and we do not decide it. But suppose it cannot be thus construed, the amendment of 1903, being the latest expression of the legislature must prevail over any other statute plainly in conflict with it. We are strengthened in our view of this amendment, because, at the same session of the legislature, section 2, chapter 124, of the Code, section 3798, Code 1906, relating to how process, generally, may be directed, and which, before the amendment, did not permit process to be directed to an officer of any other county than that in which suit is brought, except in cases where the "defendant be a railroad, canal turnpike, telegraph, or insurance company,"

was so amended as to include in said exception, "*any other corporation*, notwithstanding the second division of section one of chapter one hundred and twenty three of the Code." That provision permits an action at law or suit in equity to be brought in the circuit court of any county: "if a corporation be a defendant wherein its principal office is, or if its principal office be not in this state, and its mayor, president, or other chief officer do not reside therein, ·wherein it does business"

There is in these amendments evinced a purpose on the part of the legislature, with respect to suits and proceedings before justices and in the circuit court, to enlarge their jurisdiction over, and extend the remedies against all kinds and classes of corporations.

But *Speidel Co.* v. *Warder*, interprets only section 34, relating to *domestic* corporations, for point one of the syllabus is limited to *domestic* corporations. We still have section 35, of the same chapter, covered, in terms, by said section 38, and providing that "If the suit be against a foreign corporation doing business by an agent in this State, service may be made by delivering a copy of the process, order or notice to such agent, or leaving such copy at the office or place of business of such corporation with any person found at the time in charge thereof."

But what is the status of the defendant company with reference to suits or actions brought against it in this State? Sec. 30, chap. 54, Code, sec. 2322, Code 1906, says: "Every railroad corporation doing business in this State under the provisions of this section, or. under charters granted or laws passed by the State of Virginia or this State, is hereby declared to be, as to its works, property, operations, *transactions and business in this State, a domestic corporation,* and shall be so held and treated in all suits and legal proceedings which may be commenced or carried on by or against any such railroad corporation, as well as in all matters relating to such corporation." The distinction between *citizenship* and *residence*, as applied to this company, in suits and proceedings against it in this state, is fully covered in *Baltimore & Ohio Railroad Company* v. *Allen*, 58 W. Va. 388, 112 Am. St. R. 975, (54 L. R. A. 536). In that case the opinion is expressed that, in view of this statute, ·the status of a railroad company doing busi-

ness in this state is equivalent to that of a resident of the state.

This being so, said section 35 is inapplicable, and we can perceive of no reason why process may not be executed on a railroad corporation doing business here, though chartered by another state, in the same manner, and on the same persons, as in suits against other domestic corporations. Our conclusion is that it may be, and that the return of the officer in this case, was sufficient to give the justice jurisdiction to render a personal judgment against defendant, although it did not appear therefrom that the place of service was the place of residence of the person served.

We are therefore of opinion to reverse the judgment below, and enter here the judgment which the lower court should have entered on the motion of the defendant to quash the ex- ecution.

*Reversed.*