## AUTHORITY OF MAGISTRATE TO RE-SENTENCE AFTER TIME.

Circuit Court of Cuyahoga County.

GEORGE YOCHEIM v. THE STATE OF OHIO, AND THIRTY-FIVE OTHER CASES.

Decided, June 7, 1909.

*Criminal Law—Magistrate's Judgment Reversed for Error in Sentence —Authority to Re-Sentence after Time.*

Upon reversal by the common pleas court of the judgment of a justice of the peace in a criminal case for error in the sentence alone, and remand for re-sentence, the justice has authority to re-sentence, notwithstanding the time has elapsed, after the trial, within which judgment must be rendered. *Derby* v. *State*, 6 C. C.—N. S., 91, overruled in part

*E. J. Albl, E. Sutherland* and *Joseph Bloch,* for plaintiff in error.

*U. G. Denman,* Attorney-General, and *C. P. Hine,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur. ·

Error to the Court of Common Pleas.

The only question in these cases is whether in a criminal case tried before a justice of the peace, upon reversal by the common pleas court for error in the sentence alone and remand for re-sentence, the magistrate has authority to so re-sentence, the time having elapsed after the trial within which judgment must be rendered.

We consider discussion of this question foreclosed by the precedent set by the Supreme Court in the case of *Carey* v. *State,* 70 Ohio St., 121, 127, where the judgment entered reads:

"Judgments of the circuit court and the court of common pleas, and of the mayor's court reversed and cause remanded to the latter court for sentence."

The common pleas court in these cases did exactly what the Supreme Court did in the Carey case, and in following the practice thus established we can not say that it was wrong.

So far as the case of *Derby* v. *State,* 6 C C—N. S., 91, is in conflict with this conclusion, it is overruled.

Judgments affirmed.