556 S.E.2d 818

**Leonard WILEY and Lafe Block, Plaintiffs,**

v.

**Roger TOPPINGS and Margaret Toppings, Defendants.**

No. 29064.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 5, 2001.

Decided Nov. 28, 2001.

David L. Hill, Hamlin, for Plaintiffs.

Daniel F. Hedges, Joseph M. Lovett, Mountain State Justice, Inc., Charleston, for Defendants.

STARCHER, J.:

In the instant case we hold that the last-enacted version of the statutory definition of "timbering operations" is legally controlling.

## I.

### *Facts & Background*

The Honorable Jay M. Hoke of the Circuit Court of Lincoln County, West Virginia, entered an order on October 6, 2000, certifying three questions to this Court. This Court has the discretion to reformulate certified questions and/or to decline to address one or more questions that have been certified by the lower court. See Syllabus Point 3, *Kincaid v. Mangum,* 189 W.Va. 404, 432 S.E.2d 74 (1993). In the instant case, we have determined that two of the three questions are not in a proper posture for our consideration. The question that we address is as follows:

> Is the definition of "timbering operations" within *W.Va.Code,* 19–1B–3(e) [1994] controlled by its last enactment during the 1994 Regular Legislative Session (Chapter 61), rather than its first enactment during said Legislative Session (Chapter 119)? [1]

The parties are in agreement that the 1994 Regular Session of the Legislature enacted two versions of *W.Va.Code,* 19–1B–3(e) [1994], containing differing definitions of the term "timbering operations." Both versions were passed on March 12, 1994. The version that was passed last in time reads as follows:

> (e) "Timbering operations" means activities directly related to the severing or removal of standing trees from the forest as a raw material for commercial processes or purposes. For the purpose of this article, timbering operations do not include the severing of evergreens grown for and severed for the traditional Christmas holiday season, or the severing of trees incidental to ground-disturbing construction activities, including well sites, access roads and gathering lines for oil and natural gas operations, or the severing of trees for maintaining existing, or during construction of, rights-of-way for public highways or public utilities or any company subject to the jurisdiction of the federal energy regulatory commission unless the trees so severed are being sold or provided as raw material for commercial wood product purposes, or the severing of trees by an individual on the individual's own property for his or her individual use provided that the individual does not have the severing done by a person whose business is the severing or removal of trees.

Volume I, *Acts of the Legislature,* 1994 Regular Session, Chapter 61, H.B. 4065, March 12, 1994, page 349, *W.Va.Code,* 19–1B–3(e) [1994], page 396.

The earlier-enacted version of *W.Va.Code,* 19–1B–3(e) [1994] is identical to the foregoing language except that it includes the following additional language:

> Individuals severing or removing standing trees for sale occasionally, whether on their own property or the property of another, where the aggregate gross income realized for all sales within any calendar year of the logs, props, posts, firewood, rails or other products does not exceed fifteen thousand five hundred twenty-eight dollars, are to be considered engaged in the harvesting of timber and not engaged in severing timber for commercial pur-

---

1. This certified question arises out of the underlying proceeding before Judge Hoke, a "timber trespass" case, because in the underlying case there is an issue as to whether one of the parties to the case had obtained a license and filed a notification pursuant to *W.Va.Code,* 19–1B–4 [1992] and 19–1B–7 [1994]. The Acts of the Legislature are not organized in the chronological sequence in which they are passed.

poses. Harvesting of timber is specifically excluded from the definition of timbering operations.

Volume II, *Acts of the Legislature*, 1994 Regular Session, Chapter 119, Com. Sub. for H.B. 4402, page 1917, *W.Va.Code*, 19–1B–3(e) [1994], page 1921.

## II.

### Standard of Review

The certified question before this Court is purely a matter of law that we address *de novo.* Syllabus Point 1, *Gallapoo v. Wal–Mart Stores, Inc.,* 197 W.Va. 172, 475 S.E.2d 172 (1996).

## III.

### Discussion

■ When faced with two conflicting enactments,[2] this Court and courts generally follow the black-letter principle that "effect should always be given to the latest ... expression of the legislative will ...." *Joseph Speidel Grocery Co. v. Warder,* 56 W.Va. 602, 608, 49 S.E. 534, 536 (1904). "[T]he statute which is the more recent ... prevails.... This rule applies even where the two statutes were enacted to be effective on the same date." *Doe v. Attorney General,* 425 Mass. 210, 216–217, 680 N.E.2d 92, 96 (1997) (in part *quoting* 2B Singer, Sutherland Statutory Construction §§ 51.02 at 121 (5th Ed.1992)). *See also People v. Frye,* 113 Ill. App.3d 853, 859–60, 69 Ill.Dec. 630, 635, 447 N.E.2d 1065, 1070 (1983) (bill passed after 4:30 p.m. was controlling over a conflicting bill passed on the same day between 11:15 a.m. and 12:30 p.m.); *State v. Montiel,* 56 N.M. 181, 182–83, 241 P.2d 844, 845 (1952); *Bailey v. Drane,* 96 Tenn. 16, ——, 12 Pickle 16, ——, 33 S.W. 573, 573–574 (1896) (two pieces of conflicting legislation passed on same day, later enacted law controls); *Derby v. State,* 14 Ohio C.D. 304, 24 Ohio C.C. 304, 6 Ohio C.C. (N.S.) 91, 1902 WL 918 (Ohio Cir.) (1902) (where two inconsistent acts bear the same date, a court may resort to the legislative journals to ascertain which act was actually last passed and that is the controlling statute), *overruled on other grounds, Yocheim v. State,* 21 Ohio C.D. 430, 31 Ohio C.C. 430, 12 Ohio C.C. (N.S.) 430, 1909 WL 601 (Ohio Cir.) (1909).

Applying the foregoing principles, we conclude that the controlling definition of "timbering operations" enacted by the 1994 Legislature at *W.Va.Code,* 19–1B–3 [1994] is the definition contained in the last-enacted version at Volume I, *Acts of the Legislature,* 1994 Regular Session, Chapter 61, page 396.[3]

## III.

### Conclusion

Having answered the certified question, this matter is dismissed from this Court's docket.

Certified Question Answered.

---

**2.** The two definitions of "timbering operations" are in conflict. The earlier-enacted definition excludes some commercial logging operations from provisions of *W.Va.Code,* 19–1B–1 *et seq.,* the "Logging Sediment Control Act;" the later-enacted version of the statute does not.

**3.** Although this fact is not dispositive, we note that the 2001 Replacement Volume 7A of *Michie's West Virginia Code* is in agreement with our conclusion and prints the Chapter 61 enactment as the correct version.