IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2015 Term

**FILED**

**November 5, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 15-0669

STATE OF WEST VIRGINIA EX REL. ROBERT E. BARRAT, ESQ.,
Petitioner,

v.

NANCY A. DALBY, ESQ., KIRK H. BOTTNER, ESQ., AND
DAVID P. SKILLMAN, ESQ., MENTAL HYGIENE COMMISSIONERS,
TWENTY-THIRD JUDICIAL CIRCUIT OF WEST VIRGINIA,
Respondents.

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED

Submitted: October 6, 2015
Filed: November 5, 2015

Robert E. Barrat, Esq.
Pro Se
Martinsburg, West Virginia

John M. Hedges, Esq.
Teresa J. Lyons, Esq.
Hedges & Lyons, PLLC
Morgantown, West Virginia
Counsel for Respondents

JUSTICE LOUGHRY delivered the Opinion of the Court.

1.  "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

2.  "'A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.' Syl. Pt. 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908)." Syl. Pt. 5, *Community Antenna Serv., Inc. v. Charter Commc'ns VI, LLC*, 227 W.Va. 595, 712 S.E.2d 504 (2011).

3.  "Statutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent

i

properly." Syl. Pt. 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975).

4. The provisions of West Virginia Code § 44A-2-7(a) (2013) require the circuit court to appoint legal counsel for the alleged protected person in proceedings instituted under the West Virginia Guardianship and Conservatorship Act, West Virginia Code §§ 44A-1-1 to -5-9 (2014).

LOUGHRY, Justice

The petitioner, Robert E. Barrat, an attorney practicing primarily in the Twenty-Third Judicial Circuit of West Virginia, invokes this Court's original jurisdiction[1] by seeking a writ of prohibition to prevent the respondents, Nancy A. Dalby, Esq., Kirk H. Bottner, Esq., and David P. Skillman, Esq., the mental hygiene commissioners of the Twenty-Third Judicial Circuit, from appointing legal counsel for alleged protected persons in actions instituted under the West Virginia Guardianship and Conservatorship Act[2] ("Guardianship and Conservatorship Act" or "Act"). In support of his request for relief, the petitioner asserts that West Virginia Code § 44A-2-7(a) (2014) mandates that circuit courts, rather than mental hygiene commissioners, make such appointments. Upon our consideration of the parties' arguments, as well as our review of the statutory provisions in the Guardianship and Conservatorship Act, we conclude that the petitioner has demonstrated the requisite basis for the issuance of a writ of prohibition.

## I. Facts

The facts of this case are essentially uncontested and succinct. The petitioner states that the respondent mental hygiene commissioners have appointed attorney James B.

---

[1]*See* W.Va. Const. art. VIII, § 3 ("The supreme court of appeals shall have original jurisdiction of proceedings in habeas corpus, mandamus, prohibition and certiorari.").

[2]West Virginia Code §§ 44A-1-1 to -5-9 (2014).

1

Rich, III, as legal counsel for the alleged protected person in most, if not all, of the proceedings instituted under the Guardianship and Conservatorship Act in the Twenty-Third Judicial Circuit over the last few years. The petitioner avers that he and approximately twenty other lawyers in the judicial circuit would be willing to accept such appointments. The respondent mental hygiene commissioners concede they have routinely appointed Mr. Rich as legal counsel for the alleged protected person based upon their past experience with his work in such proceedings. Our decision in this case is not impelled by which lawyers are being appointed for the alleged protected person in such proceedings, but whether the mental hygiene commissioners have the necessary authority to make such appointments under West Virginia Code § 44A-2-7(a).

## II. Standard for Issuance of Writ of Prohibition

Mental hygiene commissioners are attorneys who are appointed by the circuit court to act as judicial officers[3] in certain mental health-related proceedings.[4] The petitioner

---

[3]*See* Canon 6, Code of Jud. Conduct (providing that "[a]nyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including but not limited to . . . Mental Hygiene Commissioners . . . is a judge within the meaning of the Code.").

[4]*See* W.Va. Code § 27-5-1(a) (2013) ("The chief judge in each judicial circuit of this state shall appoint a competent attorney and may, if necessary, appoint additional attorneys to serve as Mental Hygiene Commissioners to preside over involuntary hospitalization hearings. . . ."); *see also* W.Va. Code § 44A-2-9(a) ("The court may hear the petition for the appointment of a guardian or conservator or may designate the mental hygiene commissioner in the circuit to serve as the trier of fact at the hearing on the petition . . . .").

seeks to prohibit the respondent mental hygiene commissioners from appointing legal counsel for the alleged protected person under West Virginia Code § 44A-2-7(a). Because these commissioners act in a judicial capacity, we apply our well-established standard for relief in prohibition: "'Prohibition will lie to prohibit a judge from exceeding his legitimate powers.' Syl. Pt. 2, *State ex rel. Winter v. MacQueen*, 161 W.Va. 30, 239 S.E.2d 660 (1977)." Syl. Pt. 1, *State ex rel. J.C. v. Mazzone*, 235 W.Va. 151, 772 S.E.2d 336 (2015). In determining whether the mental hygiene commissioners are exceeding their legitimate powers by appointing legal counsel under West Virginia Code § 44A-2-7(a), our review is plenary. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these precepts in mind, we proceed to determine whether a writ of prohibition should issue.

## III. Discussion

West Virginia Code § 44A-2-7(a) provides, in part, that "[*t*]*he court shall appoint legal counsel* for the alleged protected person to make recommendations to the court that are in the best interests of the alleged protected person."[5] *Id.* (emphasis added). The petitioner argues that this statutory provision clearly mandates that the circuit court–not the

---

[5]The parties refer to counsel appointed under this statutory provision as "guardians ad litem" because counsel's role in such matters is to "make recommendations . . . in the best interests of the alleged protected person." W.Va. Code § 44A-2-7(a).

3

mental hygiene commissioner–is charged with the duty to appoint legal counsel. He further asserts that guardianship/conservatorship proceedings appear to be "eligible proceedings" under the Public Defender Services Act.[6] The petitioner contends that the circuit court should establish a panel of local lawyers to receive appointments to act on behalf of the alleged protected persons in such proceedings and, once established,[7] the court should distribute such appointments among all lawyers on the panel. Lastly, citing Canon 2 of the Code of Judicial Conduct,[8] the petitioner argues that the respondents' practice of appointing the same lawyer to perform all of this particular court-appointed work could have the appearance of impropriety.

The respondent mental hygiene commissioners assert that the definition of "eligible proceedings" in the Public Defender Services Act[9] does not include proceedings instituted under the Guardianship and Conservatorship Act. As they correctly observe, the Guardianship and Conservatorship Act has its own provision for the appointment of legal

---

[6]*See* W.Va. Code §§ 29-21-1 to -21) (2013) (Public Defender Services Act); *see also* W.Va. Code § 29-21-2(2) (defining "eligible proceeding").

[7]*See* W.Va. Code § 29-21-9 (circuit courts to establish panel of local and regional private attorneys available to serve as counsel for "eligible clients" in eligible proceedings).

[8]Canon 2 of the Code of Judicial Conduct states, in part: "A. A judge shall respect and comply with the law, shall avoid impropriety and the appearance of impropriety in all of the judge's activities, and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

[9]*See supra* note 6.

4

counsel for the alleged protected person. *See* W.Va. Code § 44A-2-7(a). Maintaining that

mental hygiene commissioners are authorized to act in the place of circuit courts under the

Guardianship and Conservatorship Act, the respondents assert that their concurrent authority

extends to the appointment of legal counsel for the alleged protected person. Arguing that

the word "court" in West Virginia Code § 44A-2-7(a) can mean either the circuit court judge

or the mental hygiene commissioner,[10] they note that either the court or the mental hygiene

commissioner may appoint legal counsel in proceedings involving the involuntary

commitment of persons to state mental health facilities. *See* W.Va. Code § 27-5-4(h) (2013).

Expounding upon the need for the appointing authority to have discretion in appointing legal

counsel to assure that a protected person's due process rights are being met, the respondents

recite the twenty-one statutory responsibilities of appointed counsel in proceedings brought

under the Act.[11]

       In determining whether mental hygiene commissioners have authority under

West Virginia Code § 44A-2-7(a) to appoint legal counsel for the alleged protected person,

we observe that, since its enactment in 1994, we have referred to West Virginia Code §

---

[10]The respondents state that this Court's form order for the appointment of counsel under West Virginia Code § 44A-2-7(a) contains a signature line for either the circuit judge or the mental hygiene commissioner. This form order, as well as any other form orders we determine to be inconsistent with our decision today, will be modified, accordingly.

[11]*See* W.Va. Code § 44A-2-7(c) (setting forth appointed counsel's responsibilities to alleged protected person).

44A-2-7(a) in only two prior decisions. There is a passing reference to this statute in *State ex rel. Shamblin v. Collier*, 191 W.Va. 349, 355, 445 S.E.2d 736, 742 (1994), in the context of the newly enacted Guardianship and Conservatorship Act. Later, in *In Re Dandy*, 224 W.Va. 105, 680 S.E.2d 120 (2009), we stated that West Virginia Code § 44A-2-7(a) "*requires the circuit court to appoint counsel* for an alleged protected person[.]" *Dandy*, 224 W.Va. at 110, 680 S.E.2d at 125. Because the issue in *Dandy* did not involve whether a mental hygiene commissioner has authority to appoint legal counsel under this particular statute, we did not address the issue presently before us.

In analyzing the appointing authority provided in West Virginia Code § 44A-2-7(a), we are guided by the precept that

> "'courts must presume that a legislature says in a statute what it means and means in a statute what it says there.'" *Martin v. Randolph County Board of Education*, 195 W.Va. 297, 312, 465 S.E.2d 399, 414 (1995), *quoting Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391, 397 (1992).
>
> *Appalachian Power Co. v. State Tax Dept.*, 195 W.Va. 573, 586, 466 S.E.2d 424, 437 (1995); *see also Stinson v. Com.*, 396 S.W.3d 900, 903 (Ky. 2013) (internal citations omitted) ("The plain meaning of the statutory language is presumed to be what the legislature intended."); *Haile v. State*, 431 Md. 448, 66 A.3d 600, 611 (2013) (stating that in ascertaining actual intent of Legislature court will look to plain language under theory that "Legislature is presumed to have meant what it said and said what it meant."); *State v. Rama*, 298 N.J. Super. 339, 689 A.2d 776, 777 (N.J. Super. Ct. App. Div. 1997) ("[W]e are not to

presume that the Legislature intended something other than what it expressed by its plain language."); *Fox v. Fox*, 61 Va. App. 185, 734 S.E.2d 662, 667 (2012) ("We look to the plain meaning of the statutory language, and presume that the legislature chose, with care, the words it used when it enacted the relevant statute.").

*King v. West Virginia's Choice, Inc.*, 234 W.Va. 440, 444, 766 S.E.2d 387, 391 (2014). The statutory language under consideration plainly provides that "[*t*]*he court shall appoint legal counsel* for the alleged protected person to make recommendations to the court that are in the best interests of the alleged protected person." W.Va. Code § 44A-2-7(a). The court's appointment of counsel mandated in subsection (a) is echoed in subsection (e) of this statute:

> A person *appointed by the court as counsel* for a nonindigent alleged protected person shall inform *the court or the mental hygiene commissioner* of his or her hourly rate at the onset of the case and seek approval of his or her fee for the case by submitting it to *the court or the mental hygiene commissioner* for approval . . . .

W.Va. Code § 44A-2-7(e). This language clearly contemplates that once the court appoints counsel under subsection (a), if the alleged protected person is not indigent, counsel can approach either the court *or* the mental hygiene commissioner regarding his or her hourly rate/fee.[12]  *See also* W.Va. Code § 44A-1-13(c) (emphasis added) ("Attorneys appointed to represent individuals under this article shall be paid a reasonable rate of compensation from

---

[12]West Virginia Code § 44A-2-14 sets forth another circumstance where following an initial act by the court, either the court or the mental hygiene commissioner may then act. Subsection (a) of this statute provides that "[t]he court may appoint a temporary guardian or temporary conservator, or both . . . upon a finding that an immediate need exists[.]" *Id.* Thereafter, subsection (b) provides that either "the court or mental hygiene commissioner for good cause shown" may extend the temporary guardianship or conservatorship. *Id.*

the [protected person's] estate, *as approved by the circuit court*, or, in the event *the court* determines that the estate is devoid of funds for the payment of such fees, the attorney shall be paid at a rate prescribed by and from funds allocated by the supreme court of appeals."). Similar to the statute under consideration, West Virginia Code § 44A-4-6(c) mandates that "*the court shall appoint legal counsel* for the protected person" when a petition for termination, revocation or modification of guardianship or conservatorship is filed.[13] *Id.* (emphasis added).

For purposes of our analysis, we must also consider the other provisions in the Guardianship and Conservatorship Act unrelated to the appointment and compensation of legal counsel. As this Court first articulated more than a century ago:

> "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith." Syllabus Point 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).

Syl. Pt. 5, *Community Antenna Serv., Inc. v. Charter Commc'ns VI, LLC*, 227 W.Va. 595, 712 S.E.2d 504 (2011). Indeed,

---

[13]*But cf.* W.Va. Code § 44A-3-5 (providing that either "the court *or* mental hygiene commissioner shall appoint a guardian ad litem" if conservator files petition to sell or mortgage protected person's real estate).

8

> [s]tatutes which relate to the same persons or things, or to the same class of persons or things, or statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent. Accordingly, a court should not limit its consideration to any single part, provision, section, sentence, phrase or word, but rather review the act or statute in its entirety to ascertain legislative intent properly.

Syl. Pt. 5, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975). A review of the Act's other provisions clearly demonstrates that the Legislature has differentiated between those instances when the circuit court is to act, as opposed to those occasions when either the court or the mental hygiene commissioner is permitted to act.

As with the statutory authority regarding the appointment of counsel, the circuit court is authorized to hear the petition for the appointment of a guardian or conservator. *See* W.Va. Code § 44A-2-9(a). Although the court "may designate the mental hygiene commissioner in the circuit to serve as the trier of fact at the hearing on the petition[,]"[14] the statute further provides that "the court" must be the trier of fact when the proceeding involves a missing person, and "[o]nly the court may enter an order appointing a guardian or conservator." *Id.*; *accord* W.Va. Code § 44A-2-10. Other provisions of the Guardianship and Conservatorship Act set forth the circumstances where either the court *or* a mental hygiene commissioner may act. *See* W.Va. Code § 44A-1-14 ("The court *or* mental hygiene commissioner may . . . issue temporary protective orders . . . .") (emphasis added); W.Va.

---

[14]W.Va. Code § 44A-2-9(a).

Code § 44A-2-5 (providing either court or mental hygiene commissioner may authorize third-party upon good cause shown to inspect and copy otherwise confidential court file of guardianship/conservatorship proceeding); W.Va. Code § 44A-2-13a ("The mental hygiene commissioner *or* the court shall prepare an order . . . directing the appointees to complete the mandatory education and post any required bond . . . .") (emphasis added); W.Va. Code § 44A-2-15(c) ("The court *or* mental hygiene commissioner may conduct hearings on subsequent petitions filed pursuant to this chapter.") (emphasis added). Similar instances appear throughout the Guardianship and Conservatorship Act.

Although the respondents acknowledge the differentiations made between the court and the mental hygiene commissioner throughout the Act, they nonetheless argue that the word "court" in West Virginia Code § 44A-2-7(a) is merely a "shorthand reference" and that the appointment of legal counsel can be made by either the court or a mental hygiene commissioner. As discussed above, however, the Legislature has plainly specified the instances when either the court *or* the mental hygiene commissioner may act. Clearly, it could have acted consonantly in West Virginia Code § 44A-2-7(a) concerning the appointment of legal counsel for the alleged protected person. Because it did not, and because we are guided by the presumption that the Legislature "'says in a statute what it

10

means and means in a statute what it says there[,]'"[15] we are compelled to disagree with the respondents' position on this issue.

Additionally, we find no support for the respondents' position from the provisions of West Virginia Code § 27-5-4(h) (2013).[16] This statute provides that either the court or the mental hygiene commissioner may appoint legal counsel for a person who is the subject of an involuntary commitment proceeding. While one might be tempted to conclude that because the Legislature provided mental hygiene commissioners with the authority to appoint in involuntary commitment proceedings, it implicitly did the same in West Virginia Code § 44A-2-7(a). However, we "presume[] that the legislators who drafted and passed [West Virginia Code § 44A-2-7(a)] were familiar with all existing law,"[17] including West Virginia Code § 27-5-4(h). Further, while "'[s]tatutes which relate to the same persons or things, or to the same class of persons or things . . . will be regarded in *pari materia* to assure recognition and implementation of the legislative intent[,]'"[18] we cannot ignore the plain language in West Virginia Code § 44A-2-7(a) providing that "[t]he court shall appoint legal

---

[15]*King,* 234 W.Va. at 444, 766 S.E.2d at 391 (citations omitted).

[16]*See* W.Va. Code § 27-5-4(h)(2) ("In the event the individual has not retained counsel, the court or mental hygiene commissioner . . . shall appoint a competent attorney . . . .").

[17]*Community Antenna Serv.,* 227 W.Va. at 599, 712 S.E.2d at 508, syl. pt. 5, in part.

[18]*Fruehauf Corp.*, 159 W.Va. at 15, 217 S.E.2d at 908, syl. pt. 5, in part.

11

counsel[.]" *Id.* Moreover, when the Legislature enacted the Guardianship and Conservatorship Act in 1994, it was presumptively aware that West Virginia Code § 27-5-4(h)[19] allows for either the court or the mental hygiene commissioner to appoint counsel. The Legislature was also aware that the legislation creating the Guardianship and Conservatorship Act repealed West Virginia Code §27-11-1 (1992), which provided in subsection (b) that the "county commission . . . shall appoint a competent attorney . . . as guardian ad litem for the purposes of representing the interest of the [alleged incompetent] individual . . . ."[20] *Id.* Armed with this awareness, the Legislature could have provided alternative authority in West Virginia Code § 44A-2-7(a) so as to allow either the court *or* the mental hygiene commissioner to appoint legal counsel. Critically, it did not.

Notwithstanding the extensive grant of authority to mental hygiene commissioners under the Act, if the Legislature had intended mental hygiene commissioners to be on an equivalent basis with the circuit court for all purposes, there would be evidence of such intent. For example, we would expect to find a legislative definition or catch-all provision in the Act which provides that the word "court" shall also mean a mental hygiene commissioner absent an express contraindication. Because there is no such definition or provision, we are left with an Act that not only differentiates between when the court is to

---

[19]At the time the Guardianship and Conservatorship Act was enacted, West Virginia Code § 27-5-4 had been in place for decades.

[20]*See* 1994 W.Va. Acts 1360.

12

act, as opposed to when either the court or a mental hygiene commissioner may act, but one that also includes a specific statutory mandate that "the court" appoint legal counsel for the alleged protected person. W.Va. Code § 44A-2-7(a). Having omitted mental hygiene commissioners from this particular statutory mandate, "we are obliged *not to add to statutes something the Legislature purposely omitted.*" *Banker v. Banker*, 196 W.Va. 535, 547, 474 S.E.2d 465, 477 (1996) (citations omitted) (emphasis added).

Based on all of the above, we conclude that the Legislature said what it meant and meant what it said—that "[*t*]*he court shall appoint legal counsel* for the alleged protected person[.]" W.Va. Code § 44A-2-7(a); *see also King,* 234 W.Va. at 444, 766 S.E.2d at 391 (citations omitted) ("'courts must presume that a legislature says in a statute what it means and means in a statute what it says there.'"). Accordingly, we now hold that the provisions of West Virginia Code § 44A-2-7(a) (2014) require the circuit court to appoint legal counsel for the alleged protected person in proceedings instituted under the West Virginia Guardianship and Conservatorship Act. Because the Legislature has not extended this appointing authority to mental hygiene commissioners, we find that the respondents have "'exceed[ed] [their] legitimate powers'"[21] by appointing legal counsel for alleged protected persons under West Virginia Code § 44A-2-7(a).[22]

---

[21]*Mazzone*, 235 W.Va. at __, 772 S.E.2d at 337, syl. pt. 1, in part.

[22]The petitioner also seeks a writ of mandamus directing our circuit courts to appoint
(continued...)

13

## IV. Conclusion

Having determined that the petitioner is entitled to relief in prohibition, we grant the writ.

Writ granted.

---

[22](...continued)
legal counsel under West Virginia Code § 44A-2-7(a). Through our ruling today, we find relief in mandamus to be unnecessary. We also decline the petitioner's request for a new court rule providing that all interested and qualified attorneys practicing within a circuit shall be considered for such appointments. Further, we reject the petitioner's argument that circuit courts should be required to establish a panel of local lawyers under the Public Defender Services Act to receive appointments in guardianship/conservatorship proceedings. As the respondents correctly observe, not only has the Legislature separately provided for the appointment of legal counsel in such proceedings in West Virginia Code § 44A-2-7(a), those proceedings do not fall within the statutory definition of "eligible proceeding" under the Public Defender Services Act. *See supra* note 6. Lastly, we find the petitioner's argument that the respondent mental hygiene commissioners' appointment of the same attorney in guardianship/conservatorship proceedings could have the appearance of impropriety under our judicial canons to be mooted by our ruling herein.

14