**FILED**

**October 31, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 24-387, *Tricia Jackson and Jennifer Krouse v. Matthew L. Harvey*

ARMSTEAD, Chief Justice, concurring in the result:

In this case involving an appeal from an order issued by a three-judge court pursuant to West Virginia Code § 6-6-7(g), we have determined that such appeals are properly within our jurisdiction rather than the jurisdiction of the Intermediate Court of Appeals. While I agree with the majority opinion's new syllabus point that this Court, not the Intermediate Court of Appeals, is the proper jurisdiction for appeals of orders issued by three-judge courts pursuant to West Virginia Code § 6-6-7(h), I reach this conclusion based on a different principle of statutory construction than that relied upon by the majority.

The majority opinion correctly noted that, "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). In making this determination, the majority opinion noted that "[i]t is a settled principle of statutory construction that courts presume the Legislature drafts and passes statutes with full knowledge of existing law." Syl. Pt. 1, *Duff v. Kanawha Cnty. Comm'n*, ___ W. Va. ___, 905 S.E.2d 528 (W. Va. 2024). While this premise is certainly true, I believe it is applicable only where differing statutory provisions relating to the same subject matter are "consistent" and can be harmonized.

1

This principle was outlined by this Court to mean:

> "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to *harmonize completely* with the same and aid in the effectuation of the general purpose and design thereof, *if its terms are consistent* therewith." [Syl. Pt.] 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908). Syl. Pt. 5, *Community Antenna Serv., Inc. v. Charter Commc'ns VI, LLC*, 227 W.Va. 595, 712 S.E.2d 504 (2011).

Syl. Pt. 2, *State ex rel. Barrat v. Dalby*, 236 W.Va. 316, 779 S.E.2d 584 (2015) (emphasis added).

The two statutes at issue here are directly inconsistent in terms of the question as to which court has jurisdiction over appeals from three-judge court decisions. Therefore, I do not believe we can say that simply because the Legislature is assumed to have known that West Virginia Code § 6-6-7(h) existed when it adopted West Virginia Code § 51-11-4(b)(1) creating the Intermediate Court of Appeals, it therefore intended such jurisdiction to remain with this Court. Such a finding is inconsistent with the well-established principle, as outlined in *Wiley v. Toppings*, 210 W.Va. 173, 556 S.E.2d 818 (2001), that:

> When faced with two conflicting enactments, this Court and courts generally follow the black-letter principle that "effect should always be given to the latest . . . expression of the legislative will. . . ." *Joseph Speidel Grocery Co. v. Warder*, 56 W.Va. 602, 608, 49 S.E. 534, 536 (1904). "[T]he statute

2

> which is the more recent . . . prevails. . . . This rule applies even where the two statutes were enacted to be effective on the same date." *Doe v. Attorney General*, 425 Mass. 210, 216-217, 680 N.E.2d 92, 96 (1997).

*Wiley*, 210 W. Va. at 175, 556 S.E.2d at 820 (bracket in original) (footnote omitted).

Indeed, if we were to consider only the question of the effective dates of the two conflicting statutes, such an analysis would support a finding that the Intermediate Court of Appeals, rather than this Court, maintains jurisdiction over appeals from three-judge courts since West Virginia Code § 51-11-4(b)(1) was adopted after West Virginia Code § 6-6-7(h). However, I believe that another rule of statutory construction applies in this case and supports the finding that this Court maintains jurisdiction to consider the present appeal. "As a rule, when both a specific and a general statute apply to a given case, the *specific* statute governs." *Ancient Energy, Ltd. v. Ferguson*, 239 W. Va. 723, 726, 806 S.E.2d 154, 157 (2017) (emphasis in original) (citations and quotations omitted). "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syl. Pt. 1, *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984).

The Legislature, in West Virginia Code § 6-6-7(h), the statute exclusively governing actions related to removal of public officials from office, has specifically provided for appeals from three-judge courts' decisions to be considered by this Court:

> An appeal from an order of such three-judge court removing or refusing to remove any person from office pursuant to this section may be taken to the Supreme Court of Appeals within thirty days from the date of entry of the order from which the appeal is taken. The Supreme Court of Appeals shall consider and decide the appeal upon the original papers and documents, without requiring the same to be printed and shall enforce its findings by proper writ.

W. Va. Code § 6-6-7(h). The statute that confers jurisdiction to the Intermediate Court of Appeals provides, in a general and comprehensive manner, that the Intermediate Court maintains "appellate jurisdiction over . . . [f]inal judgments or orders of a circuit court in all civil cases . . . entered after June 30, 2022." W. Va. Code § 51-11-4(b)(1).

A removal petition is a clearly a "civil case" and thus would generally fall within the broad scope of West Virginia Code § 51-11-4(b)(1). However, West Virginia Code § 6-6-7(h) specifically grants jurisdiction to this Court, and only to this Court, of appeals from the determinations of three-judge courts. Accordingly, I believe the *specific* jurisdictional statute, West Virginia Code § 6-6-7(h), confers jurisdiction to this Court, rather than the *general* jurisdictional provisions for the Intermediate Court of Appeals, found in West Virginia Code § 51-11-4(b)(1).

Therefore, I concur in the holding of the majority opinion affirming the May 1, 2024, order of the Circuit Court of Jefferson County removing Ms. Jackson and Ms. Krouse from office. I further concur in the majority's ultimate conclusion that this Court, rather than the Intermediate Court of Appeals, has jurisdiction to consider and rule on this appeal, but differ from the majority's reasoning and reach this conclusion for the reasons set forth above.