JOHNNY DOE[1] *vs.* ATTORNEY GENERAL & others[2] (No. 1).

Hampden. March 4, 1997. - June 12, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, FRIED, & MARSHALL, JJ.

*Sex Offender. Youthful Offender Act. Delinquent Child. Statute,* Construction. *Criminal Offender Record Information.*

Discussion of G. L. c. 119, § 60A, as amended through St. 1996, c. 200, § 6 (youthful offender act), and G. L. c. 6, §§ 178C through 178O, added by St. 1996, c. 239 (sex offender act), with respect to the confidentiality of certain juvenile offender records under the former statute and the required disclosure of certain records regarding defined sex offenses under the latter. [212-214]

This court concluded that the specific provisions of G. L. c. 6, §§ 178C through 178O, added by St. 1996, c. 239 (sex offender act), insofar as they conflict with the subsequently enacted general provisions of G. L. c. 119, § 60A, as amended through St. 1996, c. 200, § 3 (youthful offender act), applied to require that certain juvenile court records be disclosed pursuant to the disclosure provisions of the sex offender act notwithstanding the confidentiality afforded the records of delinquent unindicted juveniles under the youthful offender act. [214-216]

CIVIL ACTION commenced in the Superior Court Department on September 20, 1996.

The case was heard by *Constance M. Sweeney,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Peter Sacks,* Assistant Attorney General (*H. Gregory Williams,* Assistant Attorney General, with him) for the Attorney General & others.

*Stephen R. Kaplan* for the plaintiff.

The following submitted briefs for amici curiae:

*Carol A. Donovan & Mary Lisa Bonauto* for the Committee for Public Counsel Services & another.

---

[1]By his father and next friend.

[2]The criminal history systems board, the Department of Youth Services, the district attorney for the Hampden District, and the police department of Palmer.

*Isabel Sara Raskin & Francine T. Sherman* for the Children's Law Center of Massachusetts & another.

*Kevin M. Keating & Alan H. Okstein* for Johnny Doe.

*Joseph Lichtblau* for Janet A. & another.

WILKINS, C.J. On November 19, 1996, a judge in the Superior Court entered an order preliminarily enjoining the Commonwealth, its agents, employees, and representatives "from enforcing, implementing and complying with any and all provisions of St. 1996, Chapter 239" as to the plaintiff. Chapter 239 of the Acts of 1996, entitled "An Act relative to sex offender registration and community notification," added §§ 178C through 178O to G. L. c. 6 (sex offender act). The defendants have appealed pursuant to G. L. c. 231, § 118, second par., and we transferred the appeal here. We shall direct that the order granting the preliminary injunction be vacated.

The plaintiff, who is now an adult, lives in Palmer and is currently confined in a Department of Youth Services secure facility.[3] In February, 1995, a judge sitting in the Ware Division of the District Court Department had adjudged the plaintiff delinquent by reason of indecent assault and battery on a child under fourteen years of age, in violation of G. L. c. 265, § 13B. Because of that delinquency finding, the sex offender act requires the plaintiff to register as a sex offender and sets forth procedures for the filing and the availability and dissemination of information regarding his record.[4] G. L. c. 6, §§ 178E, 178I, 178J, 178K.

The plaintiff brought this action seeking preliminary and permanent injunctions against his prosecution for failure to register as a sex offender.[5] He alleged that the registration and distribution provisions of the sex offender act impose punishment on him in violation of his constitutional rights under

---

[3]The Department of Youth Services has sought to extend the plaintiff's commitment pursuant to G. L. c. 120, § 17, as amended through St. 1996, c. 200, § 20.

[4]The sex offender registry board, a subdivision of the criminal history systems board, has not yet determined plaintiff's level of risk of reoffense and hence which of the three levels of notification will apply to him. G. L. c. 6, § 178K.

[5]Following the issuance of the preliminary injunction and the defendants' notice of appeal, the plaintiff filed an amended complaint to which the defendants filed an answer. We deal with the case as it appeared before the judge when she issued the preliminary injunction.

the State and Federal Constitutions.[6] The motion judge accepted the plaintiff's argument that his juvenile records are protected from disclosure under G. L. c. 119, § 60A, as amended through St. 1996, c. 200, § 6. She, therefore, did not reach the plaintiff's claim that the act imposed punishment in violation of his constitutional rights. We deal solely with a question of law. If the basis on which the preliminary injunction was issued is wrong as a matter of law, the preliminary injunction cannot be sustained. See *T & D Video, Inc.* v. *Revere*, 423 Mass. 577, 580 (1996); *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 616, 617 (1980).

The plaintiff asserts, and the judge agreed, that whatever the sex offender act may purport to say about the disclosure of information in his juvenile court record, the Legislature has mandated in separate legislation that those records be kept confidential. One side of the statutory conflict arises from language in St. 1996, c. 200, § 6 (youthful offender act), which, enacted on July 24, 1996, and effective October 1, 1996, inserted a new first paragraph in G. L. c. 119, § 60A.[7] That amendment provides, in effect, that court records concerning the plaintiff's delinquency "shall be withheld from public inspection except with the consent of a justice" of the court. G. L. c. 119, § 60A, as amended through St. 1996, c. 200, § 6. It may be fairly said that the major thrust of the youthful offender act was to reduce or eliminate certain

---

[6]He asserts that the sex offender act (St. 1996, c. 239) is an ex post facto law, places him in double jeopardy, is a bill of attainder, and denies him procedural due process.

[7]The new first paragraph reads as follows:

"The records of a youthful offender proceeding conducted pursuant to an indictment shall be open to public inspection in the same manner and to the same extent as adult criminal court records. All other records of the court in cases of delinquency arising under sections fifty-two to fifty-nine, inclusive, shall be withheld from public inspection except with the consent of a justice of such court; provided, however, that such records shall be open, at all reasonable times, to inspection by the child proceeded against, his parents, guardian or attorney; provided further, that nothing herein shall be construed to provide access to privileged or confidential communications and information; and provided further, that said protections shall be construed to include information and communications entered at the indictment."

The amendment made public the records of a youthful offender proceeded against by indictment.

protections previously available to all juvenile offenders.[8] Although that act is part of a continuing trend away from special treatment of persons who commit or committed violations of the law while juveniles, it did preserve the confidentiality of a delinquent (unindicted) juvenile's court record. See G. L. c. 119, § 60A.

On the other hand, the sex offender act, enacted on July 31, 1996, and also effective on October 1, 1996, requires the criminal history systems board to maintain a central computerized registry of all known sex offenders. G. L. c. 6, § 178D. The plaintiff is a sex offender, which by definition includes one who committed the offense for which the plaintiff was adjudged delinquent. G. L. c. 6, § 178C. The board's file must contain identifying and other information about each

---

[8]The youthful offender act made comprehensive changes in the Commonwealth's juvenile law in an effort to address growing concern about violent crimes committed by juveniles. See generally R.L. Ireland, Juvenile Law § 2 (Supp. 1996). The act creates a new category of juvenile offenders known as "youthful offenders." Youthful offenders include those who, while between the ages of fourteen and seventeen, commit acts that would be punishable by State imprisonment if they were adults and who have previously been committed to the Department of Youth Services (DYS) or have committed offenses which involve "the infliction or threat of serious bodily harm." G. L. c. 119, § 52, as amended through St. 1996, c. 200, § 1. Under the act, youthful offenders can no longer avail themselves of the same protections afforded to delinquent children. A Juvenile Court judge may now impose the same sentence on an indicted youthful offender that may be imposed on an adult by a District Court or Superior Court judge, including a State prison sentence. See G. L. c. 119, § 58 (a), as appearing in St. 1996, c. 200, § 5.

The youthful offender act also eliminated alternatives to confinement for juveniles categorized as youthful offenders and mandated a penalty for a juvenile convicted of carrying or possessing a firearm (G. L. c. 119, § 58, as appearing in St. 1996, c. 200, § 5), eliminated trial de novo for juveniles (G. L. c. 119, § 56, as amended by St. 1996, c. 200, § 4), and transferred jurisdiction from the Juvenile Court to the Superior Court over all juveniles who are charged with committing first or second degree murder while between the ages of fourteen and seventeen (G. L. c. 119, § 74, as appearing in St. 1996, c. 200, § 15).

In 1991, in another departure from the traditional policy of according "protected status" to juvenile offenders, the Legislature provided for mandatory extended terms of confinement, combining commitment to the DYS until the age of twenty-one with State prison sentences to be served thereafter, for juveniles adjudicated delinquent by reason of murder in the first or second degree. See G. L. c. 119, § 72, as appearing in St. 1991, c. 488, § 7.

offender.[9] When a sex offender is about to be released from custody, the board must send the offender's registration data to the police departments in those areas where the sex offender intends to live and to work and where the offense was committed and to the Federal Bureau of Investigation. G. L. c. 6, § 178E (*a*). If a sex offender has been convicted or adjudicated but not sentenced to confinement, the court must send the same information to the board, which in turn will disseminate it. G. L. c. 6, § 178E (*c*). Every sex offender residing in the Commonwealth must register with the police department in the municipality where he resides. G. L. c. 6, § 178E (*d*), (*e*). Any person who identifies himself and has attained the age of eighteen may receive a report from the board as to whether an identified individual is a sex offender, the date or dates of conviction or adjudication, and the nature of each offense. G. L. c. 6, § 178I. In different circumstances, a person may receive considerably more information about a sex offender from a police department. G. L. c. 6, § 178J.

In order to decide this appeal, we need not recite further detail concerning the operation of the sex offender act. It is apparent that that act seeks to require the disclosure indirectly of certain court records concerning the adjudication of delinquency of juveniles for committing offenses that are defined as sex offenses. That same information, however, is declared generally unavailable for public inspection by G. L. c. 119, § 60A.[10]

Our task is to define what the Legislature intended concern-

---

[9]"The file on each sex offender shall include the following information, hereinafter referred to as registration data:

"(a) the sex offender's name, aliases used, date and place of birth, sex, race, height, weight, eye and hair color, social security number, home address and work address;

"(b) a photograph and set of fingerprints;

"(c) a description of the offense for which the sex offender was convicted or adjudicated, the city or town where the offense occurred, the date of conviction or adjudication and the sentence imposed;

"(d) any other information which may be useful in assessing the risk of the sex offender to reoffend; and

"(e) any other information which may be useful in identifying the sex offender." G. L. c. 6, § 178D.

[10]The two statutes do not completely conflict. Section 60A makes fully public the records of a youthful offender (one who was indicted) and thus there is no conflict regarding such an offender's record.

ing the disclosure of juvenile court records when it enacted the two statutes within days of each other, each to become effective on the same day. The Legislature was aware of the youthful offender legislation (St. 1996, c. 200) when it passed the sex offender act because it used the words "youthful offender" which appear in the earlier enactment. The definition of "[s]ex offender" in G. L. c. 6, § 178C, includes a person "who has been adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense."

The judge's determination to protect the sanctity of juvenile delinquency records, giving dominance to the language of G. L. c. 119, § 60A, substantially reads out of the stated reach of the sex offender act all juvenile court records, except in the case of juveniles who have been indicted. It also would make nugatory the words "or as a delinquent juvenile" in the act's definition of a sex offender, except in the case of such records to whose public inspection a judge has consented pursuant to G. L. c. 119, § 60A.

We depend on two principles of statutory construction, each of which points in the same direction, to support our conclusion that information contained in juvenile court delinquency records must be disclosed to the extent required by the sex offender act. First, because the sex offender act was enacted later than the youthful offender act, it is the more recent expression of the Legislature's intent. When a new provision conflicts with a prior statute, the new provision, as the last expression of the Legislature, controls. See *Connery* v. *Commissioner of Correction*, 33 Mass. App. Ct. 253, 260 (1992). See also 2B Singer, Sutherland Statutory Construction § 51.02, at 121 (5th ed. 1992) ("[w]here two statutes are involved each of which by its terms applies to the facts before the court, the statute which is the more recent of the two irreconcilably conflicting statutes prevails"). This rule applies even where, as here, the two statutes were enacted to be effective on the same date. Cf. *McDonald* v. *Superior Court*, 299 Mass. 321, 324-325 (1938).

Second, when two statutes (or provisions within those statutes) conflict, we have stated that the more specific provision, particularly where it has been enacted subsequent to a more general rule, applies over the general rule. See *Lukes* v. *Election Comm'rs of Worcester*, 423 Mass. 826, 829 (1996) ("[w]here two provisions are in conflict, if a specific provision

. . . is enacted subsequent to a more general rule, the specific and not the general provision applies"). See also 2B Singer, Sutherland Statutory Construction, *supra* ("[w]here a conflict exists the more specific statute controls over the more general one"). The earlier enacted youthful offender act deals, in part, with the general rules governing disclosure of juvenile court records. The later enacted sex offender act specifically concerns the juvenile court records of juveniles who have committed sex offenses. The explicit legislative requirement that a discrete portion of juvenile court records be disclosed pursuant to the disclosure provisions of the sex offender act must prevail over the more general rule of confidentiality afforded to delinquent juveniles in G. L. c. 119, § 60A.

Our resolution of the conflict does not impliedly repeal § 60A. It remains fully in effect for all juvenile delinquency matters except those sex offenses not committed by youthful (indicted) offenders. The traditional confidentiality of juvenile court records, which was explicitly eroded when the 1996 amendment of § 60A excluded the court records of indicted juveniles, was further eroded implicitly when the Legislature established the sex offender registration and community notification requirements in St. 1996, c. 239.

We do not reach any constitutional issue. The plaintiff's argument that he was denied procedural due process depended on the continued existence of a statutory right of confidentiality as to his delinquency conviction. Because we have rejected the plaintiff's claim that he has such a statutory right, the premise underlying the procedural due process claim is now missing. The judge did not reach the plaintiff's other constitutionally based arguments. We do not reach them either. They may be considered on remand.

The order granting a preliminary injunction to the plaintiff is vacated, effective thirty days after the release of the rescript from this court. The case is remanded to the Superior Court for further consideration of the plaintiff's request for injunctive relief.

*So ordered.*