Cosgrove, Robert C., J.
This action arises out of the various relationships between the plaintiffs, former real estate salespeople, who worked for and under the defendants, Demetrios Salpoglou, Yuan Huang and several of Salpoglou and Huang’s real estate businesses. The plaintiffs commenced this civil action alleging that the defendants violated G.L.c. 149, §148B (the “independent contractor statute”) by mis-classifying the plaintiffs as “independent contractors” when they were actually “employees.” (Count I.) The plaintiffs further allege that the defendants failed to pay them wages owed under G.L.c. 149, §148 (Count II), failed to compensate them in accordance with minimum wage laws pursuant to G.L.c. 151, §20 (Count III), and, in violation of G.L.c. 151, §1A, failed to pay them time and a half for all hours worked over forty hours per week (Count IV). This matter is now before the court on the plaintiffs’ motion for partial summary judgment on Count I. For the following reasons, the plaintiffs’ motion is denied and summary judgment shall be entered in favor of the defendants.
Background
All of the facts and reasonable inferences therefrom are viewed in the light most favorable to the nonmoving party. Scully v. Tillery, 456 Mass. 758, 767-68 (2010). Salpoglou and Huang own and operate several busi *383 nesses in and around the Boston area including Boston Pads, LLC, Jacob Realty, LLC, NextGen Realty, Inc., and RentMyUnit.com, Inc. d/b/a Boardwalk Properties. The defendants are in the business of buying, selling and leasing real estate.[3]
The plaintiffs served as outside salespeople with respect to the sales or rentals of apartments, and their duties included helping to procure listings, marketing available apartments, meeting or otherwise communicating with landlords and tenants, and showing apartments to prospective tenants. The plaintiffs Nesto Monell, Jonathan Gibson, Rachael Butcher, and Lindsay Bumes were licensed real estate salespeople who worked for, and under, the real estate broker’s license of Jacob Realiy. Plaintiff Benjamin Smith worked for, and under, the real estate broker’s license of Boardwalk Properties. Plaintiff Ann McGovern worked for, and under, the real estate broker’s license of NextGen Really. During the past three years, the defendants employed between 130 and 300 agents.
Through the course of their relationship, the defendants classified the plaintiffs and other real estate salespeople as independent contractors. By virtue of this classification, the defendants paid the plaintiffs on a commission-only basis and the plaintiffs were responsible for payment of their own taxes. The defendants also required the plaintiffs to pay “desk fees” of $75 per month, share “front desk time” at various locations, and in some cases complete “office hours” duty, which involved answering phone calls from prospective clients and showing apartments to walk-in customers.
At the commencement of their employment, the plaintiffs signed non-disclosure, non-solicitation, and non-compete agreements and the defendants required the plaintiffs to undergo a training program once hired as salespersons. The defendants also required that the plaintiffs own day planners, obtain a cell phone with a “617" area code, adhere to a dress code and submit to various disciplinary actions if they did not meet their productivity goals.
The plaintiffs signed “commission policy” agreements, in which they expressly agreed to be commission-based independent contractors. See Joint App., tab 24. These agreements stated that the “[ajssociate will not be treated as an employee with respect to compensation for taxes or any other purpose. Associate will be paid on a commission-only basis.” Id. The agreements also required the defendants to issue a “Form 1099-MISC”[4] to the plaintiffs and the salesperson agreed to provide the defendants with a signed “W-9.”[5]
The plaintiffs have moved for summary judgment, arguing the defendants cannot establish that the plaintiffs were independent contractors under the independent contractor statute and as such, they are entitled to summary judgment as a matter of law. The defendants argue that the independent contractor statute is not controlling because the real estate industry is subject to particularized licensing laws, which preclude summary judgment on the basis of G.L.c. 149, §148B. Additionally, the plaintiffs brought a motion to certify the following proposed class: “All individuals who had worked as leasing agents or managing leasing agents for any of the Defendants, Jacob Realty, LLC, NextGen Realty, LLC, RentMyU-nit.com, Inc., d/b/a Boardwalk Properties, Demetrios Salpoglou or Yuan Huang, since October 17, 2008.”
Analysis
I. Plaintiffs’ Motion for Summary Judgment
Summary judgment is appropriate if “viewing the evidence in the light most favorable to the nonmoving parly, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Augcct, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991), citing Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue as to its claims. Lev v. Beverly Enters.-Mass., Inc., 457 Mass. 234, 237 (2010). The nonmoving party “must set forth sufficient facts showing that there is a genuine issue for trial.” Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989), quoting Mass.R.Civ.P. 56(e). A party may not rest on “conclusory statements, general denials, and factual allegations not based on personal knowledge” in opposing a motion for summary judgment. LaBrecque v. Parsons, 74 Mass.App.Ct. 766, 768 (2009).
A. The Independent Contractor Statute
In Massachusetts, employees are subject to the protection of minimum wage and overtime laws whereas independent contractors receive no such protection. See G.L.c. 149 (the “labor laws”); G.L.c. 151 (the “minimum wage laws”). The legislature enacted the independent contractor statute “to protect employees from being deprived of the benefits enjoyed by employees through their misclassification as independent contractors.” Somers v. Converged Access, Inc., 454 Mass. 582, 592 (2009); G.L.c. 149, §148B. In determining whether an individual performing services for an employer qualifies as an independent contractor, the individual is presumed to be an employee unless:
(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
(2) the service is performed outside the usual course of the business of the employer; and,
(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.
G.L.c. 149, §148B; see Oliveira v. Advanced Delivery Sys., 27 Mass. L. Rptr. 402, 404 (Mass.Super. 2010) *384 {“[A] worker is presumed to be an employee, and therefore covered under [the labor and minimum wage laws], unless the employer establishes that” the worker meets the test laid out in the independent contractor statute). The putative employer bears the burden of proving each prong of the test. See, e.g., Scalli v. Citizens Fin. Group, Inc., No. 03-12413-DPW, 47-49 (D.Mass. Feb. 2006). A failure to do so “suffices to establish that the individual in question is an employee.” Somers, 454 Mass, at 589. The parties’ intentions as to whether the individual is an employee or an independent contractor are immaterial; short of satisfying the independent contractor statute, the presumption is that the individual is an employee. See id. at 591.
A party that violates the independent contractor statute may incur fines or imprisonment for violating the statute itself, the severity of which is determined by the employer’s degree of willfulness in misclassiJfy-ing the employee(s). See G.L.c. 149, §148B(d) (“Whoever fails to properly classify an individual as an employee according to this section and in so doing fails to comply, in any respect, with chapter 149 .. . shall be punished and shall be subject to all of the criminal and civil remedies, including debarment, as provided in section 27C of this chapter”); G.L.c. 149, §27C (distinguishing between the wilfull and unintentional misclassification of employees for purposes of imposing penalties). An employer may also incur penalties for violations of other statutes, such as the labor laws and the minimum wage laws, as a result of wrongfully classifying an employee as an independent contractor. See G.L.c. 149, §148; G.L.c. 151, §20.
B. The Real Estate Statute
There are two general types of real estate professionals in Massachusetts: real estate brokers and real estate salespersons. Both brokers and salespersons must obtain real estate licenses in order to lawfully participate in real estate transactions. G.L.c. 112, §87RR. A broker is an individual who may sell, rent, or lease property in Massachusetts and negotiate such transactions. G.L.c. 112, §87PP. A salesperson may perform the acts of the broker, except a salesperson may not complete the negotiation of any agreement or transaction or conduct or operate his or her own real estate business. G.L.c. 112, §87PP. Therefore, brokers must exercise some degree of supervision over salespersons in the completion of transactions in order to ensure compliance with the real estate licensing laws. See 245 Code Mass.Regs. §3.00 (“A licensed salesperson must be engaged by a licensed broker and a licensed salesperson shall not conduct his own real estate business”). Salespersons “may be affiliated with a broker either as an employee or as an independent contractor and may, by agreement, be paid as an outside salesperson on a commission-only basis.” G.L.c. 112, §87RR.
C. The Conflict
Generally, when “two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose,” Fannie Mae v. Hendricks, 463 Mass. 635, 640-41 (2012), quoting Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975), but here, it is difficult to read the independent contractor and real estate statutes harmoniously. In this case, the independent contractor statute and the real estate statute conflict in regards to the first prong of the independent contractor statute. The real estate statute explicitly provides that a real estate salesperson may either be an employee or an independent contractor: “A salesperson] may be affiliated with a broker either as an employee or as an independent contractor.” G.L.c. 112, §87RR (emphasis added). In the same sentence, the statute reiterates that salespersons must remain under the auspices of a broker: “[The salesperson] shall be under such supervision of said broker as to ensure compliance with this section and said broker shall be responsible with the salesperson] for any violation of section eighty-seven AAA committed by said salesperson].”[6] G.L.c. 112, §87RR (emphasis added). Therefore, the real estate statute requires brokers to exercise’a certain degree of control over real estate salespeople.
In contrast, the independent contractor statute requires that real estate salespersons be “free from [the] control and direction” of their employer-brokers in order for the employer-broker to correctly classify the individual as an independent contractor. G.L.c. 149, §148B. This begs the question, how can a real estate salesperson be “free from control” of the broker under the independent contractor statute, where the real estate statute requires that the salesperson “be under [the] supervision of [the] broker”? Compare G.L.c. 149, §148B and Athol Daily News v. Bd. of Review, 439 Mass. 171, 177 (2003) (explaining that the independent contractor statute requires the individual in question to have “freedom from supervision”), with G.L.c. 112, §87RR. This conflict is compounded by the real estate statute’s explicit authorization that real estate salespeople may establish relationships with brokers as independent contractors. See G.L.c. 112, §87RR.
Such a conflict also exists in regards to the second and third prongs of the independent contractor statute. The second prong states that an individual may only be classified as an independent contractor if the individual’s “service is performed outside the usual course of the business of the employer.” G.L.c. 149, §148B. As previously mentioned, the real estate statute authorizes salespersons to maintain relationships with brokers as independent contractors, even though brokers exercise an inherent amount of control over salespersons. G.L.c. 112, §87RR. Because brokers control salespersons, the salespersons conduct work *385 inside the broker’s usual course of business: the buying, selling and renting of real estate. Therefore, it is impossible for salespersons to satisfy the second prong of the independent contractor statute while simultaneously following the applicable real estate laws.
It is also not feasible for a real estate salesperson to obtain independent contractor status under the third prong of the independent contractor statute and the real estate laws simultaneously. The third prong requires the putative employer to establish that the individual in question is engaged in an independently established business in the real estate industry, but the real estate laws prohibit a real estate salesperson from establishing an independent business. G.L.c. 112, §87RR (“No sales [person] may conduct or operate his own real estate business nor act except as the representative of a real estate broker who shall be responsible for the salesman”) (emphasis added); 254 Code Mass.Regs. §3.00 (“A licensed sales person must be engaged by a licensed broker and a licensed sales person shall not conduct his own real estate business” (emphasis added)). Therefore, “an implacable conflict,” see Henricks, 463 Mass, at 640, exists between all three prongs of the independent contractor statute and the real estate statute.
D. The Real Estate Laws Must Control
In the face of such a conflict, this court turns to principles of statutoiy construction. When a new provision of a statute conflicts with a prior statute, the new provision, as the last expression of the legislature, is controlling. Commonwealth v. Harris; 443 Mass. 714, 738 (2005). Further, “where two provisions are in conflict, if a specific provision ... is enacted subsequent to a more general rule, the specific and not the general provision applies.” See Doe v. Attorney Gen., 425 Mass. 210, 215-16 (1997), citing Lukes v. Election Comm’rs of Worcester, 423 Mass. 826, 829 (1996).
In this case, it is instructive that the legislature amended the real estate statute in November of 2010, whereas the legislature enacted the independent contractor statute in 1990 and last amended it in 2004. 2010 Mass. ALS 307, §1. What is even more material, however, is that the real estate statute’s 2010 amendment added language indicating that brokers and salespersons could enter into agreements as independent contractors and pay the salespersons on a “commission-only basis.” 2010 Mass. ALS 307, §1 (“Section 87RRof chapter 112 of the General Laws, as appearing in the 2008 Official Edition, is hereby amended by inserting after the word ‘contractor,’ in line 17, the following words: and may, by agreement, be paid as an outside salesperson on a commission-only basis”). The legislature’s timing, in amending the real estate statute while leaving the independent contractor statute intact, is an indication that the legislature intended real estate salespersons to qualify as independent contractors despite the inherent level of control brokers must exercise over them. See Doe, 425 Mass, at 215 (“[BJecause the sex offender act was enacted later than the youthful offender act, it is the more recent expression of the Legislature’s intent”).
It is also instructive that, when comparing the independent contractor statute and the real estate statute, the independent contractor statute is more general in nature, whereas, the real estate statute is more specific. To be sure, the independent contractor statute does not specify whether it applies to a particular industry, rather, it is drafted to apply to various industries within the Commonwealth. The real estate statute, however, is industry-specific in that it only applies to real estate professionals and defines such professionals in G.L.c. 112, §87PP. In instances such as this, the more specific statute applies over the more general rule. Doe, 425 Mass, at 215.
E. Case Law
The case law interpreting the independent contractor statute and the real estate statute together is scarce. The only case that exists addressing both laws is Commonwealth v. Savage, in which the Appeals Court held that a real estate salesperson was an independent contractor because she made her own hours; her earnings were a function of how much she chose to work; she maintained a home office; she bought office supplies out of her own income; she paid for various expenses, such as her license fees, out of her own income; she received no base salary; there was no vacation/sick day package; the employer did not withhold taxes or social security; she funded her own pension plan; there were no prescribed hours; she was not required to attend sales meetings; and she was not required to discuss with her employer her listings. 31 Mass.App.Ct. 714, 717-18 (1991). The salesperson in question was also required to cover the office from time to time when the broker and his family were away. Id. at 718. The court noted that the . “[i]ndicia of employee or independent status need not be 100 percent pure and, ordinarily, are not.” Id. While somewhat instructive in the present matter, the Appeals Court issued this case in 1991, nine years before the legislature amended the real estate statute authorizing salespersons to work as independent contractors, leaving Savage's relevance attenuated.
The plaintiffs cite a district court decision and a variety of superior court decisions in which they allege that courts “have repeatedly granted summary judgment to plaintiffs under [the independent contractor statute].” Regardless of how many of these decisions have granted summary judgment to plaintiffs under the independent contractor statute, however, none of the cited cases directly address real estate salespeople in the context of the independent contractor statute. The other cases the plaintiffs cite are not directly on point and provide little guidance with respect to the issues presented in this case.
*386 F. Grant of Summary Judgment for the Non-moving Defendants
Considering the foregoing, the court concludes that a real estate salesperson, acting as an independent contractor, could not possibly satisfy the independent contractor statute and the applicable real estate laws simultaneously. The unavoidable conclusion is that G.L.c. 149, §148B does not control the present matter and therefore a claim based on a violation of the independent contractor statute must fail. Therefore, as a matter of law, the plaintiffs cannot prove that the defendants violated G.L.c. 149, §148B and their motion for summary judgment must be denied as to Count I. Connery v. Commissioner of Com, 414 Mass. 1009, 1010 (1993) (‘The duly of statutory interpretation is for the courts”), quoting Cleary v. Cardullo’s, Inc., 347Mass. 337,344 (1964); see Kourouvacilis, 410 Mass, at 713.
In this instance, it is appropriate for this court to grant summary judgment in favor of the defendants as to Count I. While advance notice to the parties is generally preferred, this is not a case where the plaintiffs should be “surprised by the court’s grant of summary judgment.” Petrillo v. Zoning Bd. of Appeals, 65 Mass.App.Ct. 453, 460-61 (2006) (citations and internal quotation marks omitted). Indeed, the parties’ briefs fully exhausted this issue, and the parties had ample time at the hearing to argue their positions. Accordingly, summary judgment in favor of the defendants on Count I is warranted.[7] Mass.R.Civ.P. 56(c) (“Summary judgment, when appropriate, may be rendered against the moving party”); see Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713 (1991), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986) (“One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses”).
II. Plaintiffs’ Motion for Class Certification
The plaintiffs also brought a motion to certify the following proposed class: “All individuals who had worked as leasing agents or managing leasing agents for any of the Defendants, Jacob Realty, LLC, NextGen Realty, LLC, RentMyUnit.com, Inc., d/b/a Boardwalk Properties, Demetrios Salpoglou or Yuan Huang, since October 17, 2008.”
A. Rule 23 Class Certification Standard
Under Mass.R.Civ.P. 23, a plaintiff must show that “(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.” Mass.R.Civ.P. 23(a); see Weld v. Glaxo Well-come, Inc., 434 Mass. 81, 86 (2001). Additionally, Rule 23 provides that a class action maybe maintained only if “the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.” Mass.R.Civ.P. 23(b).
Although the plaintiffs bear the burden of establishing that the class meets the requirements of Rule 23, this burden must be construed within the framework of the broad discretion judges have to grant or deny a motion for certification. Weld, 434 Mass, at 86-87; see Coggins v. New England Patriots Football Club, Inc., 397 Mass. 525, 537 (1986) (stating decision to certify class under Rule 23 within judge’s broad discretion and review of certification order aimed at determining whether judge abused that discretion). Plaintiffs must provide “information sufficient to enable the motion judge to form a reasonable judgment that the class meets the requirements of Rule 23; they do not bear the burden of producing evidence sufficient to prove that the requirements have been met.” Weld, 434 Mass, at- 87. “If a plaintiff satisfies this certification burden, then ‘neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies the Rule.’ ” Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 363 (2008) quoting Weld, 434 Mass, at 87. In deciding whether to certify a class, the judge may consider that the denial of class certification may effectively terminate a proceeding or that the grant of class certification may pressure the defendant to settle. Weld, 434 Mass, at 94.
Here, the plaintiffs base their motion for class certification on the assertion that they were misclassified as independent contractors in violation of the independent contractor statute, G.L.c. 149, §148B. Specifically, the plaintiffs argue that the “resolution of their claims hinges on analysis of a common underlying statutory question, namely, whether [the defendants] can prove that [their] agents are independent contractors under §148B.” However, in denying the plaintiffs’ motion for summary judgment on Count I, this court finds that G.L.c. 149, §148B is inapplicable in the context of real estate salespeople. Thus, because the answer to the common underlying question does not conclude that the plaintiffs were “employees” for purposes of the wage and hour laws, the plaintiffs’ motion for class certification is denied without prejudice.
Order
The “Plaintiffs’ Motion for Summary Judgment” pursuant to Mass.R.Civ.P. 56 on Count I be denied; on its own motion, the court orders that Summary Judgment is allowed for the defendants on Count I, and shall enter accordingly. The “Plaintiffs’ Motion for Class Certification” pursuant to Mass.R.Civ.P. 23 is denied without prejudice.

There are issues of fact as to whether Boston Pads, LLC is in the business of buying, selling and leasing real estate and whether any plaintiff worked for or under Boston Pads. At the hearing there was disagreement between the parties as to the corporate form of Boston Pads. For the purposes of the plaintiffs’ motion, however, Boston Pads’s corporate form is immaterial.

See G.L.c. 62E, §1 defining “contractor” as “any person who is 18 years of age or older who performs services in the commonwealth, to whom a payor of income makes payments that are not subject to withholding of taxes, and for whom the payor of income makes at least one payment that will require the payor to complete a 1099-MISC form under Internal Revenue Service requirements.”

See the W-9 Form at http://www.mass.gov/osc/docs/ forms/vendorcustomer/newmass-w9.pdf (explaining the purpose of a W-9 form is to report income paid to individuals through real estate transactions).

General Laws c. 112, §87AAA provides for the methods by which people may file complaints against a broker or a salesperson, and governs the process by which the authorities investigate and penalize real estate professionals when professionals violate an applicable law.

This court’s holding is limited in that it takes no position as to whether the plaintiffs are independent contractors or employees for purposes of the labor and minimum wage laws; the court holds, rather, that G.L.c. 149, §148B is inapplicable to real estate salespersons and, therefore, the defendants could not have violated the statute itself. Even though this holding is inextricably related to the plaintiffs’ other counts (because the other counts rely upon the independent contractor statute), the plaintiffs moved for summary judgment on Count I only, and thus, no further action is warranted on Counts II, III, and IV at this time. Differently put, the court does not reach the question of whether the other counts are viable in light of the court’s ruling on Count I.