The juvenile appeals from a Juvenile Court judge's denial of his motion to withdraw his 1998 plea of delinquency by reason of indecent assault and battery on a child under the age of fourteen. That delinquency adjudication triggered a statutory requirement that he register as a sex offender. The juvenile pleaded guilty in the Superior Court in 2014 to failure to register as a sex offender, subsequent offense, and was placed on probation, but in 2015 his probation was revoked and he was sentenced to State prison. In 2017, he filed the motion to withdraw his delinquency plea.
The juvenile argues that subjecting him to sex offender registration constitutes a retroactive application of the sex offender registry law, undermines the presumption of finality of plea agreements, interferes with legislative policy protecting juveniles, and imposes conditions of probation not tailored to fit his juvenile offense. In a careful and thorough decision on the juvenile's motion, which the judge treated as a motion for a new trial, see Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000), the judge rejected each of those arguments.
We review a judge's decision denying such a motion "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). Applying that standard, we see no ground to overturn the judge's decision. The juvenile's appellate brief identifies no error in the judge's analysis of the issues. No purpose would be served by our reiterating that analysis here.
We add only two points. First, the juvenile's retroactivity arguments depend on the erroneous premise that at the time he was adjudicated delinquent in 1998, the sex offender registration and notification provisions enacted in 1996, see St. 1996, c. 239, § 1, had been held unconstitutional and their implementation enjoined. In the juvenile's view, accordingly, he was not required to register until, after his adjudication, the Legislature enacted a revised sex offender registry law in 1999. See St. 1999, c. 74, § 2. Even if that were so, the judge fully explained that the 1999 enactments were not unconstitutionally retroactive. But there is another reason retroactivity is not an issue: the 1996 sex offender registration provisions remained in effect and applied to the juvenile at the time of his plea.
For his argument to the contrary, the juvenile relies on dictum in Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780 (2008). In that case, the court said, "The registration requirements and notification provisions [enacted in 1996] were subsequently held to be unconstitutional and [the law's] implementation enjoined in 1997."[2] Id. at 785, citing Doe v. Attorney Gen., 426 Mass. 136 (1997). That 1997 decision, however, was an as-applied challenge and ordered relief only for the plaintiff himself. Doe v. Attorney Gen., 426 Mass. at 146. Likewise, the other challenges to the sex offender registry law decided between 1997 and 1999, to the extent successful, were as-applied challenges that ordered only individual relief.[3]
Second, to the extent the juvenile argues that the sex offender registry laws should not be enforced against him because they are in conflict with prior legislative policy regarding juveniles, the court rejected a similar argument in Doe v. Attorney Gen. (No. 1), 425 Mass. 210 (1997). There the court held that, to the extent there was a conflict between the 1996 sex offender registry law and an earlier-enacted statute preserving the confidentiality of certain juvenile court records, the sex offender registry law controlled, because it was later-enacted and more specific. Id. at 215-216.
Order denying motion to withdraw delinquency plea affirmed.

This statement, appearing in a discussion of the background of sex offenders' duty to register, was dictum because the plaintiff had committed his offense in 1979 or earlier -- before the enactment of either the 1996 or 1999 versions of the sex offender registry law. See Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. at 781. As to that plaintiff, either version of the law would have been "considered retroactive for the purposes of further constitutional inquiry." Id. at 787.

See Doe v. Attorney Gen., 430 Mass. 155, 168 (1999) ; Doe v. Attorney Gen. (No. 2), 425 Mass. 217, 222 (1997). Compare Doe, Sex Offender Registry Bd. No. 972 v. Sex Offender Registry Bd., 428 Mass. 90, 98, 103-104 (1998) (agreeing with board that it could hold individualized hearings as required by procedural due process and that preponderance of evidence standard applied at such hearings), partially overruled by Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015) (clear and convincing evidence standard applied at board hearings); Doe v. Attorney Gen. (No. 1), 425 Mass. 210, 216 (1997) (vacating preliminary injunction in plaintiff's favor).