543 S.E.2d 655

**STATE of West Virginia, Plaintiff below, Appellee,**

v.

**Garland LEONARD, Defendant below, Appellant.**

No. 27909.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 28, 2000.

Decided Dec. 12, 2000.

John P. Adams, Esq., Public Defender Corporation, Martinsburg, for Appellant.

PER CURIAM.

This matter comes before this Court on petition from Garland Leonard ("Leonard") who appeals his misdemeanor conviction of driving with a revoked license at a time when his privilege to do so had been revoked for driving under the influence of alcohol. Leonard was convicted on June 10, 1999, in the Circuit Court of Berkeley County, upon an indictment obtained more than 1 year after the misdemeanor offense was committed. Leonard argues that the conviction was time-barred by the 1-year statute of limitation.

Following our review of the record, we agree and reverse the conviction, and set aside the judgment of the circuit court.[1]

I.

The facts of this case are not in dispute. On February 15, 1998, Leonard was arrested and charged with: (1) driving under the influence ("DUI"), third offense,[2] and (2) driving with a revoked license (DUI), first offense.[3]

On August 20, 1998, Leonard waived his right to a preliminary hearing, and filed a motion to transfer the charge of driving with

Christopher Quasebarth, Esq., Assistant Prosecuting Attorney, Martinsburg, for Appellee.

1. In this appeal the appellant did not discuss his conviction of driving under the influence, second offense; therefore, we do not address appellant's conviction of driving under the influence, second offense, in this opinion.

2. In violation of *W.Va.Code*, 17C–5–2(k) [1996] that provides, in pertinent part:

   A person violating an provision of ... this section shall, for the third or any subsequent offense under this section, be guilty of *a felony*, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one or more than three years, and the court may, in its discretion, impose a fine of not less than three thousand dollars nor more than five thousand dollars.
   (Emphasis added.)

3. In violation of *W.Va.Code*, 17B–4–3(b) [1999] that provides, in pertinent part:

   Any person who drives a motor vehicle on any public highway of this state at a time when his or her privilege to do so has been lawfully revoked for driving under the influence of alcohol, controlled substances or other drugs, or for driving while having an alcoholic concentration in his or her blood of ten hundredths of one percent or more, by weight, or for refusing to take a secondary chemical test of blood alcohol content, is, for the first offense, guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for six months and in addition to the mandatory jail sentence, shall be fined not less than one hundred dollars nor more than five hundred dollars; for the second offense, the person is guilty of a *misdemeanor* and, upon conviction thereof, shall be confined in jail for a period of one year and, in addition to the mandatory jail sentence, shall be fined not less than one thousand dollars nor more than three thousand dollars; for the third or any subsequent offense, the person is guilty of a felony and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than three years and, in addition to the mandatory prison sentence, shall be fined not less than three thousand dollars nor more than five thousand dollars.
   (Emphasis added.)

a revoked license (DUI) to circuit court. The magistrate granted the motion, and dismissed the charge without prejudice.[4]

On February 17, 1999, the Grand Jury of Berkeley County returned an indictment against Leonard for: (1) DUI, third offense; (2) driving with a revoked license (DUI), third offense; and (3) DUI, first offense.

A jury trial was held on June 10, 1999. During the course of the trial, counsel for Leonard moved that the charge of DUI, third offense, either be dismissed or reduced to a DUI, second offense. The trial judge instructed the jury on DUI, second offense, because the prosecutor was unable to prove one of the previous DUI convictions as set forth in the indictment.[5]

Also, the prosecutor was unable to provide any evidence to prove that Leonard had any previous convictions for driving with a revoked license (DUI). Therefore, the driving with a revoked license (DUI) charge was reduced from a third offense to driving with a revoked license (DUI), first offense—a misdemeanor.

Counsel for Leonard objected to the charge of driving with a revoked license (DUI), first offense. Counsel argued that with respect to this charge, Leonard was originally charged with driving with a revoked license (DUI), first offense, that the State could not prove any previous offenses, and that the reduced charge was, from the beginning, a misdemeanor. Counsel further argued that, as a misdemeanor, the charge was time-barred by the statute of limitation. The circuit court rejected defense counsel's contentions and held that there had been a "continuance of prosecution" from the magis-

trate court to the circuit court; therefore, the charge was not time-barred.[6]

The jury found Leonard guilty of DUI, second offense, and driving with a revoked license (DUI), first offense.

## II.

■ We are mindful that "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996).

■ Historically, a prosecution for a crime could be commenced at any time, but statutes of limitation were created legislatively to serve certain public policies. Statutes of limitation serve to:

> . . . protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time . . . [they] minimize the danger of official punishment because of acts in the far-distant past . . [and they] encourag[e] law enforcement officials promptly to investigate suspected criminal activity[.]

*Toussie v. United States*, 397 U.S. 112, 114–115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156, 161 (1970).

■ The time periods set by statutes of limitation represent a balance between the prosecution of stale cases and the granting to law enforcement officials sufficient time to bring a suspect to justice. *Id.*[7]

---

4. The magistrate's order of August 20, 1998, provided, in pertinent part:

> The court GRANTS the motion and ORDERS that the captioned case be dismissed from the Magistrate Court of this County, such dismissal being without prejudice, so that the State may reinstate the same in Circuit Court of this County, upon the filing of an information or indictment therein[.]

5. The DUI, first offense, charge was dismissed by the prosecuting attorney.

6. Regarding the statute of limitation the circuit court, in response to defense counsel's argument, stated:

The magistrate noted that the misdemeanor that accompanied the then felony was directed to circuit court. The Court feels that this is sufficient to comprise a unity of a continuance of prosecution and not abatement because while the disposition sheet notes a dismissal it also notes that it is sent to circuit court and it is coupled with and part of another offense which was not dismissed but was also sent to circuit court.

7. Professor Cleckley summarized the purpose for a statute of limitation by stating:

The applicable statute of limitations is the mechanism established by law to guard against

Our legislature created a specific statute of limitation for misdemeanors. *W.Va.Code*, 61–11–9 [1923] provides, in pertinent part, that "[a] prosecution for a misdemeanor shall be commenced within one year after the offense was committed[.]" [8]

■ We have applied *W.Va.Code*, 61–11–9 [1923] strictly, and held that an individual cannot be convicted of a misdemeanor where the prosecution commenced after the expiration of the statute of limitations. In *State v. King*, 140 W.Va. 362, 84 S.E.2d 313 (1954), a defendant was timely indicted for felonious assault, but was subsequently convicted of assault and battery—a misdemeanor. We reversed the conviction and held that:

> The provision of Code, 61–11–9, which provides that 'A prosecution for a misdemeanor shall be commenced within one year after the offense was committed,* * *', read in *pari materia* with Code, 62–2–1, which provides that 'Prosecutions for offenses against the State, unless otherwise provided, shall be by presentment or indictment' serves to bar a conviction of a misdemeanor had under an indictment for a felony, which embraces the misdemeanor, where the indictment was not returned within one year after the offense charged therein was committed.

Syllabus Point 5, *King, supra.*

Our decision in *King* joined an overwhelming majority of courts that hold a defendant cannot be convicted of a lesser offense upon a prosecution for a greater crime commenced after the statute has run on the lesser offense. *See* "*Conviction of A Lesser Offense, Against Which Statute of Limitations Has Run, Where Statute Has Not Run Against Offense With Which Defendant is Charged*," 47 A.L.R.2d 887.[9]

■ In the matter before us, the State admits that the indictment was obtained more than a year after the offense was committed. However, the State argues that there was a "continuing conviction" from the magistrate court, and that the charge of driving with a revoked license (DUI) was brought to the circuit court on the motion of the defendant, Leonard.

> "This is the second (or third, etc., as the case may be) indictment found against the said .......... for the same offense"; and the same proceedings shall be had in all respects on any such new indictment as might have been had on the first indictment if it had not been stolen, lost or destroyed. And if the offense mentioned in any such indictment is barred by the statute of limitations, the time between the finding of the first and last of such indictments shall not be computed or taken into consideration in the computation of the time in which any such indictment, after the first, should have been found.

*possible*, as distinguished from *actual*, prejudice resulting from the passage of time between the crime and the charge, protecting a defendant from overly stale charges.
Cleckley, *West Virginia Criminal Procedure*, Vol. 2 II–144 (2000 Cum. Supp.).

8. *W.Va.Code*, 61–11–9 [1923] provides:

A prosecution for committing or procuring another person to commit perjury shall be commenced within three years next after the perjury was committed. A prosecution for a misdemeanor shall be commenced within one year after the offense was committed, except that a prosecution for petit larceny may be commenced within three years after the commission of the offense: Provided, That whenever the indictment in any case shall be stolen, lost or destroyed, a new indictment may be found for the same offense mentioned in the former indictment, at the first term of the court after such theft, loss or destruction is discovered, or at the next term thereafter, and as often as any such new indictment is stolen, lost or destroyed, another indictment for the same offense may be found at the first term of the court after such theft, loss or destruction is discovered, or at the next term thereafter; and the court shall, in every case where any such indictment has been stolen, lost or destroyed, enter such fact on its record. Whenever such new indictment is found, the clerk shall add to the entry of the finding thereof the following:

9. The following courts have held that a defendant cannot be convicted of a lesser offense upon prosecution for the greater crime which includes the lesser offense when the prosecution is commenced after the statute of limitations has run on the lesser offense: *State v. N.S.*, 98 Wash.App. 910, 991 P.2d 133 (2000); *Cane v. State*, 560 A.2d 1063 (Del.1989); *State v. Stillwell*, 418 A.2d 267, 175 N.J.Super. 244 (1980); *Holloway v. State*, 362 So.2d 333 (Fla.Ct.App.1978); *Padie v. State*, 557 P.2d 1138 (Alaska 1976); *Waters v. United States*, 328 F.2d 739 (10th Cir.1964); *Chaifetz v. United States*, 288 F.2d 133 (D.C.Cir. 1960), *rev'd* on other grounds, 366 U.S. 209, 81 S.Ct. 1051, 6 L.Ed.2d 233 (1961); *Benes v. United States*, 276 F.2d 99 (6th Cir.1960); *Drott v. People*, 71 Colo. 383, 206 P. 797 (1922); *People v. Burt*, 51 Mich. 199, 16 N.W. 378 (1883).

This argument is without merit. Our examination of the record indicates that the magistrate dismissed the misdemeanor charge without prejudice. The magistrate's order was a dismissal of the charge, not a transfer of the charge. The magistrate's order *permitted* the prosecuting attorney to reinstate the charge in the circuit court, but the order did not require the prosecuting attorney to do so. The order specifically provided that "the State may reinstitute the [charge] in the Circuit Court of this County, upon the filing of an information or indictment therein." The prosecuting attorney failed to do so until after the expiration of the statute of limitation. Consequently, the charge of driving with a license revoked due to DUI was time-barred by the applicable statute of limitation.

## III.

Accordingly, we reverse appellant's conviction in the Circuit Court of Berkeley County for driving with a revoked license at a time when his privilege to do so had been revoked for driving under the influence of alcohol, and we set aside the verdict of the jury.

Reversed.

MAYNARD, Chief Justice, dissenting.

I dissent because I agree with the circuit court that there had been a continuance of prosecution from the magistrate court to the circuit court so that the revoked license (DUI), first offense charge was not time-barred.

The appellant's prosecution in magistrate court clearly commenced within one year after the misdemeanor offense was committed, in compliance with W.Va.Code § 61–11–9. Therefore, the State fulfilled its obligation to prosecute the appellant in a timely manner. The appellant, on the other hand, delayed his prosecution by moving to transfer the charge against him to circuit court. In finding that the appellant's prosecution is time-barred, the majority effectively punishes the state for its good faith efforts to bring a timely prosecution and rewards the appellant for conduct which caused the delay of which he now complains.

I fear that the majority's decision puts yet another tool into the hands of criminal defendants with which to manipulate crowded court dockets to their own advantage. Accordingly, I dissent.